THE STATE OF NEW JERSEY v. EMMA W. JACKSON AND FREDERICK KINSINGER.

Submitted March 26, 1900—Decided June 11, 1900.

1. The carnal abuse of a girl under sixteen years of age, which is denounced by section 115 of our Crimes act, being equally criminal whether it takes place with or without her consent, is necessarily attended with an assault.

2. Under the laws of this state a person indicted for a crime may be convicted of any offence of a lower degree, provided such lower offence is necessarily included in the higher one charged in the indictment.

3. J. was indicted jointly with K. for the carnal abuse of a girl under sixteen years of age, because she had brought about a meeting between them, with their mutual consent, for the purpose of enabling them to gratify their passions. When the meeting took place, the girl refused to submit herself to K.'s embraces, whereupon he took liberties with her person not only without her consent, but against her protest. *Held*, that for such act, K. was rightly convicted of an assault upon the girl, but that a conviction of J. for the same offence could not be supported as she was not a party to any attempt at sexual relations between K. and the girl without the latter's consent.

On error to the Monmouth Quarter Sessions.

Before DEPUE, CHIEF JUSTICE, and Justices VAN SYCKEL and GUMMERE.

For the plaintiffs in error, *Aaron E. Johnston.*

For the state, *Wilbur A. Heisley.*

The opinion of the court was delivered by

GUMMERE, J. The plaintiffs in error were jointly indicted under section 115 of the Crimes act (*Rev.* 1898; *Pamph. L., p.* 826), which makes it a high misdemeanor for any person of the age of sixteen years or over to unlawfully or carnally abuse a woman under the age of sixteen, either with or without her consent.

The indictment contained a single count and charged that "on the 31st day of March, in the year 1899, at the township of, &c., the said Emma W. Jackson and Frederick Kinsinger, then and there, each being of the age of sixteen years and over, did unlawfully and carnally abuse one Minnie P., then and there being a woman under the age of sixteen years."

To support the indictment the state proved that Minnie P. was under sixteen years of age; that the Jackson woman had acted as a procuress for Kinsinger in persuading this girl to submit herself to his embraces, at the time and place set out in the indictment, and that she provided a room for them in which to indulge in sexual intercourse. It further appeared that after Kinsinger and the girl had retired to the room so provided for them he placed his hand upon her person against her protest, and urged her to yield to his wishes, but that she refused to do so, and that there was in fact no carnal abuse of the girl by him. For the defence it was proved that Kinsinger was less than sixteen years old at the time of the above-mentioned occurrences.

Upon the facts proved the court charged the jury that, owing to the fact that Kinsinger was less than sixteen years of age, there could be no conviction of the defendants of the statutory offence, but that, as carnal abuse under this statute necessarily included an assault and battery, they might convict the defendant of the latter offence, if they believed that Kinsinger had placed his hand upon the person of the girl without her consent and against her protest.

The jury found both of the defendants guilty of assault and battery and the question which this writ of error presents is whether a conviction of that offence can be supported against both or either of the defendants on the indictments and proofs.

The carnal abuse of a girl under sixteen years of age, which is denounced by section 115 of our Crimes act, is equally criminal whether it takes place with or without her consent. It is consequently *necessarily* attended with an assault. *Farrell* v. *State, 25 Vroom* 416. Under the laws of this state a party indicted for a crime may be convicted of any offence of

a lower degree, provided such lower offence is necessarily included in the higher one charged in the indictment. *State* v. *Jackson*, 1 *Id.* 185. That the offence charged in the present indictment is of a higher grade than that of assault and battery is apparent from an inspection of our Crimes act. This indictment, therefore, will sustain a conviction of assault and battery, and the proofs justify the conviction of Kinsinger of that offence.

Will it support the conviction of the Jackson woman? She was not present aiding in and abetting the assault, and did not even know that Kinsinger would attempt to gratify his desire upon the person of this girl against her will, and in disregard of her protest. On the contrary her only relation with the matter was the arranging of a meeting between these two by their mutual consent, and she ceased to be a party to the transaction when the girl refused to yield herself to the embraces of Kinsinger.

The judgment should be affirmed as to the defendant Kinsinger and reversed as to the defendant Jackson.