[No. 13373.   Department Two.   July 29, 1916.]

COMMERCIAL BANK OF PORT HURON, *Respondent*, v.

JAMES R. ELLIOTT, *Appellant*.[1]

BILLS AND NOTES—BILL OF LADING—TITLE—ATTACHMENT.  A bank having discounted a sight draft with bill of lading attached, covering an automobile, is entitled, as a matter of law, to all the property covered by the bill of lading, superior to one claiming by virtue of a subsequent attachment.

APPEAL—REVIEW—DISCRETION—GRANT OF NEW TRIAL.  The granting of a new trial for insufficiency of the evidence will not be reviewed except for abuse of discretion; and none appears, where, in the face of ample testimony of the ownership of a car, an adverse verdict was based on the meager, indefinite testimony of a witness to the effect that he "thought" the car in question was one of two carloads sent him.

Appeal from an order of the superior court for King county, Albertson, J., entered November 8, 1915, granting a new trial, after a verdict rendered in favor of the defendant, in an action of claim and delivery.   Affirmed.

*France & Helsell*, for appellant.

*Raymond D. Ogden*, for respondent.

HOLCOMB, J.—In June, 1914, appellant Elliott instituted an action against the Havers Motor Car Company and caused a writ of attachment to be issued, by virtue of which a certain automobile, described as a Havers Six, No. 683, was attached.   Shortly afterwards, under authority of Rem. & Bal. Code, § 573 *et seq.*, the respondent Commercial Bank of Port Huron, hereinafter called the bank, filed an affidavit claiming it was the owner of the automobile.   The bank then filed a bond with the American Surety Company as surety, and the car was released from the attachment and delivered to a representative of the bank.   Appellant filed an answer denying ownership of the automobile by the bank, and a trial

[1]Reported in 159 Pac. 377.

was had before a jury to determine its ownership. It developed during the trial that the bank, in April, 1913, discounted a sight draft with bill of lading attached, which bill of lading covered three cars shipped to R. H. and H. C. Gray, it being the bank's contention that the car attached in this action, No. 683, was one of the three cars covered by this bill of lading. The court correctly held as a matter of law that the bank, by reason of owning the bill of lading, had a right to all property covered by this bill of lading, superior to appellant whose only claim to the property was by virtue of a subsequent attachment. The only question to determine was whether the car attached, No. 683, was covered by the bill of lading held by the bank; and this, being a question of fact, was for the jury. The evidence being introduced, the court seemed doubtful whether there was sufficient evidence of nonownership by the bank to take this question to the jury, as evidenced by the following remark of the court upon motion for nonsuit of claimant and directed verdict for the bank: "But I am disposed in the present instance to submit this one question of fact to the jury. In the event the jury returns a verdict in your favor, Mr. France, I don't know what I might do with the verdict." This question was finally submitted to the jury who returned a verdict against the bank and its bondsmen for $987.15. Counsel for the bank then secured some affidavits with documentary evidence attached, tending to prove more conclusively that the automobile in question was the property of the bank, and moved for a new trial on all the statutory grounds, which motion was granted. From this order, appellant prosecutes this appeal.

Whatever may be the legal effect of these affidavits filed subsequent to the trial of the cause, we think the court was fully justified in granting a new trial on the ground that the evidence was insufficient to support the verdict, as the only evidence that car No. 683 was not one of the cars cov-

ered by the bank's bill of lading was Mr. Gray's evidence, as follows:

"Q. Now, was the car attached by Mr. Elliott one of the cars that were shipped out in that way without your ordering it? A. It was one of the car loads. I think I had two car loads of that model. They sent two car loads of that model out."

This evidence of nonownership of the bank was so meager that the trial court, as shown by his remark above quoted, was inclined to give the bank a directed verdict. This court has uniformly held that it is in the discretion of the trial court to grant or refuse a motion for a new trial upon the question of the insufficiency of the evidence to support the verdict, and that this court will only interfere with the discretion of the lower court when there has been a clear abuse of such discretion. In such case the court weighs the evidence and grants or refuses a new trial in his discretion. If he exercises sound discretion, we do not disturb it, and the presumption is in favor of his exercise of sound discretion. *Brown v. Walla Walla*, 76 Wash. 670, 136 Pac. 1166, and cases there cited.

In *Koenig v. Whatcom Falls Mill Co.*, 67 Wash. 632, 122 Pac. 16, we said:

"Under the law as established in this state, it sometimes becomes the duty of the court to grant a new trial because of the insufficiency of the evidence to sustain the verdict, even though there is some slight evidence, which, standing alone, might sustain the verdict."

Applying this rule to the evidence in this case, which consisted of ample testimony of the ownership of the car by the bank and the meager, indefinite testimony of Gray, as hereinbefore quoted, of nonownership by the bank, it seems evident that there was no such clear abuse of discretion by the trial court in granting this motion for a new trial as would

justify us in disturbing it.    The judgment is, therefore, affirmed.

Morris, C. J., Parker, Bausman, and Ellis, JJ., concur.