[No. 15054.    Department Two.    February 24, 1919.]

VICTOR HARRY CALHOUN, *Respondent,* v. PORTLAND RAILWAY, LIGHT & POWER COMPANY, *Appellant.*[1]

CARRIERS (108) — PASSENGERS — CONTRIBUTORY NEGLIGENCE — IN-STRUCTIONS. In an action for personal injuries sustained by one injured while attempting to board a street car, it is not error to refuse a requested instruction to the effect that plaintiff could not recover if he was injured by attempting to board a moving car, and if such attempt was the proximate cause of the injury or contributed thereto, where other instructions clearly stated that the jury must find that the car had stopped when plaintiff attempted to board it, that being the only issue in the case.

APPEAL AND ERROR (414)—REVIEW—VERDICT. Where, upon con-flicting evidence, the trial court exercised its discretion and refused to set aside a verdict for insufficiency of the evidence, the ruling cannot be disturbed on appeal.

APPEAL (445)—REVIEW—MISCONDUCT OF COUNSEL. Misconduct of counsel in asking the adverse party to introduce certain evidence had at a former trial is not ground for reversal where the court in-structed the jury to disregard it.

Appeal from a judgment of the superior court for Clarke county, Smith, J., entered March 2, 1918, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a pas-senger boarding a street car.    Affirmed.

*Miller & Wilkinson, Griffith, Leiter & Allen,* and *F. J. Lonergan,* for appellant.

*McMaster, Hall & Drowley* and *Wilbur, Spencer & Beckett,* for respondent.

[1]Reported in 178 Pac. 805.

FULLERTON, J.—In this action the respondent recovered against the appellant for personal injuries received by him while attempting to board a street car owned and operated by the appellant.

The specific charge of negligence in the complaint is, in substance, this: · The respondent approached the street car line of the appellant at the usual stopping place of the cars, intending to board, as a passenger, an oncoming car. The car stopped at the place named, in such manner as to lead him to believe he was invited to enter it. He attempted to enter the car and had gotten upon the steps thereof, but had not reached a place of safety, when the car was started forward suddenly and with sufficient force and violence to throw him to the ground and under the wheels of the car.

In its answer the appellant, while not denying that the respondent was injured by the car at the time and place alleged in his complaint, denied that the injury was caused in the manner therein alleged, averring that the injury was the result of the respondent's own negligence in that he attempted to board the car while the same was in motion, at a time when he knew, or by the exercise of due care and caution for his own safety ought to have known, that an attempt to so board the car was liable to cause him to fall and receive an injury. The affirmative allegations of the answer were denied by the reply, and at the trial the contest before the jury was whether the accident was caused in the manner alleged in the complaint or in the manner set forth in the answer.

At the appropriate time in the course of the trial, the appellant requested the court to give the jury the following instruction:

"The court instructs the jury that if you find from the evidence in this case that the plaintiff was injured by reason of his attempting to board a moving car of the defendant, no matter how fast or how slow the car may have been moving, and without any negligence on the part of the defendant, then your verdict must be for the defendant."

The instruction was not given in the form requested, and it is contended by the appellant that it was not given in substance or effect. On the contrary, it is contended that the court gave an instruction to the opposite effect. The refusal to give the requested instruction and the giving of the claimed contrary instruction constitute the first error assigned.

It will be conceded, we think, since the respondent set forth in his complaint the specific cause of the accident and the specific manner in which it occurred, and since the allegation was that the car had stopped at the time he attempted to board it, he was bound to prove the allegation as alleged, and the appellant was entitled to have the instruction requested given to the jury, either in the language of the request or in language of the same purport and effect. But we cannot conclude that the charge was not to that effect. The instructions are too extended to be quoted here in full, but their perusal leaves little doubt that the jury must have understood from them that they could not find for the appellant unless they found that the attempt to board the car was made while the car was standing still and not before it had ceased or after it resumed its motion. In stating the issues, the court specifically mentioned the allegation that the car had stopped, as a material allegation of the complaint, and in its general instruction told the jury that the burden was upon the respondent to prove all of the material allegations of the complaint by a preponderance of the evidence.

Again, in stating the grounds upon which the appellant's liability rested, one of the conditions recited was that the car must have stopped for plaintiff to board. Upon the specific question, this language was used:

"It is not a question of the rate of speed at which a car is moving which justifies an attempt to board it. If defendant's operatives did not stop for plaintiff to board said car, or if said operatives did not know that he was attempting to board said car, they cannot be charged with negligence towards plaintiff in the operation of the car at the time of the accident."

The court did, however, in the sentence preceding the quotation made, give the further instruction, namely:

"If you find that the plaintiff attempted to board the street car while the same was in motion, and that the attempt to board the car while in motion was the proximate cause of the injury, or contributed to the accident resulting in his injury, then he cannot recover and your verdict must be in favor of the defendant."

It is upon this instruction that the contention is founded that the jury were allowed to depart from the issues. The language, standing alone, it is true, might contain the inference that the obverse of the proposition stated was true, namely, that if the appellant attempted to board the car while in motion, and the attempt was not the proximate cause of his injury and did not contribute thereto, he could recover. But it is plain from the instructions cited, and especially from that part of the instruction which we have first quoted, that the court did not so intend to be understood. In these instructions he clearly stated that the jury must find that the car had stopped when the respondent attempted to board, before they could return a verdict in his favor. Nor do we think the jury could

have understood the court otherwise, or that they were misled in any way. In the first place, the contention is founded upon inference, and the direct statements in the charge are the other way. In the second place, the single issue before the jury was whether the car was stopped or was moving when the attempt was made to board it, and it is hardly possible that the jury could have understood that the issue had suddenly become immaterial. The case of *Northam v. United Rys. Co. of St. Louis* (Mo.), 176 S. W. 227, principally relied on to sustain the contention, is not in point. In that case no instruction was given covering the defendant's theory of the case, and the court distinctly charged the jury that if the plaintiff attempted to board the car after it had started in motion, and his act was that of a reasonably prudent person, the fact would not bar recovery. This was held error because without the issues, but manifestly the condition there presented is not the condition presented here.

The second claim of error is that the court overruled the appellant's motion for a new trial based on the ground of insufficiency of the evidence. It is conceded that there is a conflict in the evidence, but it is contended that the great weight of the evidence is against the verdict of the jury, and that the trial court refused to set it aside because he concluded that it was without his power so to do, there having been a former trial of the cause in which a jury returned a verdict for the same side, which had been set aside on the ground of insufficiency of the evidence. No citation to the record is made wherein the court expressed the view indicated, and our research has discovered none. The order entered is the usual order in such cases, and indicates that the trial court fully exercised the discretion vested in it. This concludes

the question in this court. While the trial court has jurisdiction to grant a new trial on the ground of insufficiency of the evidence, this court is without such power. We may reverse the case when there is no evidence upon some material issue necessary to be proven, but where the evidence is conflicting and the trial court approves the verdict by entering a judgment thereon, our powers to interfere on the ground of insufficiency of the evidence are foreclosed.

The final claim of error is based on the misconduct of counsel. The alleged misconduct consisted of asking the defendant to introduce in evidence certain statements claimed to have been made by a witness when testifying at the former trial. It is contended that the effect of counsel's conduct was to induce the jury to believe that the appellant was purposely withholding material evidence. But, aside from the fact that this seems to us a somewhat strained construction of counsel's conduct, the court removed any prejudice that could have arisen therefrom by instructing the jury to disregard it. The jury must be credited with some degree of intelligence, and it will be presumed that they heeded the admonitions of the court.

The judgment is affirmed.

MAIN, HOLCOMB, and MOUNT, JJ., concur.

PARKER, J. (concurring)—I concur in the conclusion reached in the majority opinion; but as to the overruling of appellant's motion for a new trial by the trial court upon the ground of insufficiency of the evidence, I prefer to rest my conclusion upon the ground that the trial court did not abuse its discretion in so ruling in this case, rather than upon the ground that this court has no power to review such discretion of the trial court. I think the view of the law expressed

in the opinion, touching the power of this court to review the discretion of the trial court in passing upon a motion for a new trial upon the ground of insufficiency of the evidence, is too broad. The statement of the rule as there made, as I construe it, means that this court is entirely without reviewing power over the trial court's discretion exercised in its disposition of a motion for new trial upon the ground of insufficiency of the evidence. I do not believe that this is the law. Of course, I concede that this court will always be slow to reverse a ruling of the trial court made upon such a question, and will always require the clearest showing of abuse of discretion on the part of the trial court before disturbing its ruling thereon; but that is far from conceding that this court has no reviewing power over such a ruling by a trial court. I think my views find support in the following decisions of this court: *Koenig v. Whatcom Falls Mill Co.,* 67 Wash. 632, 122 Pac. 16; *Thomas & Co. v. Hillis,* 70 Wash. 53, 126 Pac. 62; *Brown v. Walla Walla,* 76 Wash. 670, 136 Pac. 1166; *Commercial Bank of Port Huron v. Elliott,* 92 Wash. 357, 159 Pac. 377; *McCabe v. Lindberg,* 99 Wash. 430, 169 Pac. 841.