[No. 16272. Department One. August 23, 1921.]

# The State of Washington, *Respondent*, v. Florence Pickel, *Appellant*.[1]

Criminal Law (17, 19)—Rape (27)—Principals and Accessories—Evidence—Sufficiency. Under Rem. Code, § 2260, declaring one who abets, encourages, or induces a crime to be a principal therein, a woman was properly convicted as principal in the crime of rape upon a girl under the statutory age of consent, where the evidence showed she introduced the man to the girl and invited him to call on her, absenting herself from home at the time of the visit until late in the evening, retiring shortly after her return, leaving the couple alone, and in the morning asking the girl if she got any money out of him; that on the night of the offense charged, at the invitation of the defendant, the man came to the house bringing another man with him about 10 p. m., the four of them remaining in a darkened room until 2 a. m. during which time the man and girl had sexual intercourse in the presence of defendant.

Same (19)—Rape (35)—Aiding and Abetting Offense—Instructions. In a prosecution of a woman as principal in the rape of a girl under the age of consent, a requested instruction that the defendant was under no legal obligation to prevent, either by word or action, the having carnal knowledge of the girl by the man was properly refused, it being for the jury, under the evidence, to decide whether the defendant aided, assisted and abetted the perpetration of the offense.

Same (451)—Appeal—Harmless Error—Conduct of Counsel. In a prosecution charging defendant with abetting and encouraging carnal intercourse with a girl under the age of consent, the misconduct of the prosecuting attorney on cross-examination in asking defendant whether she had not stayed certain nights in certain hotels with certain men was not prejudicial error, where the court sustained objections to that line of examination.

Same (217)—Trial—Conduct of Judge—Comments on Evidence. The remark of the court in sustaining objections to improper questions by the prosecuting attorney that they called for repetition was not a comment on the facts to be determined by the jury.

Witnesses (101)—Impeachment of Accused. Where a female defendant in a criminal prosecution charging a sexual offense becomes a witness in her own behalf she is subject to impeachment

[1]Reported in 200 Pac. 316; 204 Pac. 184.

by evidence showing that her reputation for morality and chastity in the community in which she lives is bad.

### ON REHEARING.

CRIMINAL LAW (116)—EVIDENCE—CHARACTER OF ACCUSED—PARTICULAR ACTS. In a criminal case in which the accused had not put her character in issue, it is reversible error to allow witnesses to testify that her reputation for morality and chastity in the community in which she lived was bad.

Appeal from a judgment of the superior court for Spokane county, Oswald, J., entered August 12, 1920, upon a trial and conviction as an accessory to the crime of rape. Affirmed.

*John M. Gleeson* and *A. G. Gray,* for appellant.

*Joseph B. Lindsley* and *James Emmet Royce,* for respondent.

HOLCOMB, J.— Appellant appeals from a judgment of conviction and sentence thereon, upon an information charging that, "on or about March 1, 1920, in Spokane, Washington, she did then and there wilfully, feloniously and unlawfully aid, abet, encourage, and permit one Charles Jennings to commit the crime of carnal knowledge and abusing a female child under the age of eighteen years, to wit: one Tillie Schmidtz, the said Tillie Schmidtz being of the age of fourteen years and not then and there being the wife of the said Charles Jennings."

The evidence for the prosecution tended to show these facts: Tillie Schmidtz lived in the town of Davenport, where appellant and her husband also resided for a number of years. In the summer of 1919, Charles Jennings met appellant in Davenport. Early in the year 1920, appellant and her husband and children left Davenport and moved to Spokane. The husband returned to Lincoln county within two days after

moving to Spokane, and secured steady employment, and was absent from home all week, seeing his family only on Sundays. When appellant and her family moved to Spokane, the Schmidtz girl went with them, with the permission of the mother of the girl, and upon the understanding that the girl was to make her home with appellant. On the night of February 21, 1920, appellant and the Schmidtz girl were returning from a dance hall on the "Owl" car. Jennings was on the car, and appellant addressed him and reminded him of their having met in the street at Davenport the previous year. She introduced him to the Schmidtz girl, and invited him to visit them. He went out the next night, Sunday, February 22. He arrived there about six p. m. and appellant was not at home, and did not return until 10 p. m. She remained down stairs for a time, and then retired. She asked the Schmidtz girl the next morning if she got any money from Jennings. Appellant again invited Jennings to the house, requesting that he bring another man with him, and arranged to meet him the following Tuesday night, February 24. Jennings went to the house Tuesday night, the 24th, and took another young man with him, arriving there about 10 p. m. Jennings and the Schmidtz girl, and appellant and the other young man, entertained each other in the front room until about 2 a. m. Jennings and the girl occupied the sofa, and both testified that they had sexual intercourse there, both appellant and the other young man being present. Sometime during the evening the light in the room was extinguished, either by burning out or by being turned off, and was not renewed. The light burned in the adjoining room and shone through the open door into the front room.

Jennings was a young man of about twenty-one years. Appellant was of the age of twenty-eight, a

married woman, mother of four living children, the eldest being a daughter about thirteen years of age, and the Schmidtz girl was between fourteen and fifteen years of age.

The crime charged is that of carnally knowing and abusing a female child under the age of consent, as an accessory before the fact.

The distinction between an accessory before the fact and a principal, or a principal in the second degree, is abolished by § 2007, Rem. Code, which provides that all persons concerned in the commission of an offense, whether they directly counsel the act constituting the offense, or counsel, aid and abet in its commission, though not present, shall hereafter be indicted, tried and punished as principals. Section 2260, Rem. Code, also defines a principal as every person concerned in the commission of a felony, gross misdemeanor, or misdemeanor, whether he directly commits the act constituting the offense, or aids or abets in its commission, and whether present or absent; and every person who directly or indirectly counsels, encourages, hires, commands, induces, or otherwise procures another to commit a felony, gross misdemeanor or misdemeanor, is a principal and shall be proceeded against and punished as such.

The state was required to, and did, elect to rely upon the alleged intercourse occurring Tuesday night, February 24, as the crime charged. The jury were instructed to disregard all evidence concerning any subsequent alleged intercourse, and to consider prior alleged intercourse, if any, for the purpose of corroboration of the offense alleged on February 24.

It is elementary that every person who counsels a crime or contributes to it, directly or indirectly, has a guilty participation in that crime. Under our statute,

encouragement is made an element of the offense of aiding and abetting in the commission of a crime, and encouragement may be by either words or deeds. To encourage is defined as: "To help, forward, incite, stimulate, countenance, advise." Webster's International Dictionary. The encouragement by appellant of Jennings to commit the crime upon the girl consisted, if at all, in these facts and circumstances: Appellant took a girl of very immature age, night after night, to public dance halls; she kept the girl out late at night; she permitted the girl to make promiscuous acquaintances among men; she herself remained out late at night, knowing the girl was at home and expecting the young man; she frequently remained out all night, to the girl's knowledge; she invited a man of whom she knew nothing to visit the girl in her home, and then absented herself on the night of his coming. She suggested to the girl, by questioning, that she should get money out of the young man; she, according to the state's evidence, was in the immediate presence of Jennings and the girl when the act of February 24th was said to have been committed. These facts and circumstances certainly constitute encouragement and incitement towards the commission of the offense, and it would be no defense to show that the offense would have been committed although the incitement had never taken place. 2 Starkie, Evidence (3d ed.), p. 9. Nor is it necessary to show that the criminal act was specifically commanded or advised. 12 Cyc. 191.

Appellant complains that the court erred in its refusal to give requested instruction No. 2 of appellant, as follows:

"The jury are instructed that the said defendant, Florence Pickel, was under no legal obligation to prevent either by word or action the said Charles Jen-

nings from having carnal knowledge of the said Tillie Schmidtz.''

We cannot give our assent to the requested instruction as a statement of the law, under the circumstances here shown. The girl was a very young girl, the man was a young man, and the appellant very much older than either of them and a mature woman. The girl was an inmate of her household, and appellant stood somewhat in the relation of a parent towards her for the time being. Under such circumstances, it was her duty to, at least by word of warning, have prevented Jennings from having carnal knowledge of the girl, if appellant knew, or had reason to believe, that it was about to occur. It was held in *State v. Jackson,* 65 N. J. L. 105, 46 Atl. 764, that a woman who furnishes a room where a man and girl under the age of consent may indulge in sexual intercourse may be convicted as a principal in the second degree, or accessory before the fact. If that decision be sound in principle, as we consider it is, the instruction requested by appellant is very unsound. It has also been held that the presence of a defendant at the commission of a crime would be a circumstance tending to show complicity. It was for the jury to decide, upon all of the evidence and circumstances proven, whether the person who was present aided, assisted and abetted the perpetration of the offense. *People v. Woodward,* 45 Cal. 293, 13 Am. Rep. 176; *State v. St. Clair,* 17 Iowa 149, 22 L. R. A. (N. S.) 835; *Brown v. State,* 28 Ga. 199; *Strawhern v. State,* 37 Miss. 422.

Although appellant complains, the court correctly instructed the jury as to the elements of the offense, and the manner in which it should be proven, and it will serve no good purpose to further elaborate upon the instructions given or refused. Nor is it necessary

to discuss appellant's claim that the court erred in not dismissing the jury at the close of the plaintiff's case, or in refusing to direct a verdict in her favor, because the crime had not been proven against appellant. The evidence was sufficient, if believed by the jury, to prove the perpetration of the offense charged.

Other claimed errors, however, deserve discussion.

It is claimed that the court erred in allowing testimony to be introduced to the effect that appellant had stayed down town on several occasions away from the family, because the same was irrelevant and tended to prejudice the jury. The Schmidtz girl had testified that the appellant on other occasions, and on the nights when Jennings visited the house, absented herself and stayed down town somewhere. In her direct examination appellant attempted to justify herself and show the innocence of her staying down town at nights. She said she stayed down town one or two nights only and in company with lady friends. Having so testified in chief, cross-examination by the prosecution made her admit to a number of nights she stayed out all night, and attempted to show that she stayed down town, not with lady friends, but with men other than her husband, naming the men. She denied any such occurrences. When the questions were put to her as to staying certain nights in certain hotels with certain men, objections were interposed, and the court sustained the objections on the ground that the questions would call for repetition, and with this ruling we think appellant must be content. Whatever the ground of rejection was, it was rejected; nor can it be assigned as misconduct on the part of the prosecution that the questions were propounded to appellant upon cross-examination, when the evidence was rejected. Neither did the reason assigned by the court for the rejection con-

stitute unconstitutional comment upon facts to be determined by the jury.

Appellant also complains of the admission of testimony on the part of the state to the effect that appellant was a person of immoral character, when she had not put her character in issue. These witnesses were allowed to testify to the effect that the *reputation* of appellant for *morality and chastity* in the community in which she lived was bad. Such evidence tending to impeach the character of a female witness was approved in *State v. Coella,* 3 Wash. 99, 28 Pac. 28, as being founded upon the text of Underhill, Criminal Evidence (2d ed.) § 237, and also in *State v. Jackson,* 83 Wash. 514, 145 Pac. 470, and *State v. Gaul,* 88 Wash. 295, 152 Pac. 1029, none of which cases have ever been overruled, and stand as the law of this state at this time. It is also the accepted rule in this state that, when a defendant becomes a witness, he or she is subject to impeachment according to the same rules as govern other witnesses.

Many other errors are claimed by appellant, but we find none which we consider prejudicial in anywise to a fair trial of appellant.

Finding no errors warranting a reversal, the judgment is affirmed.

PARKER, C. J., and BRIDGES, J., concur.

## ON REHEARING.

[*En Banc.* February 14, 1922.]

PER CURIAM.—On rehearing *En Banc* in this case, the majority of the court are of the opinion that the opinion heretofore rendered in this case, while correct in all other respects, is in error in affirming the action of the lower court in admitting testimony on the part of the state to the effect that appellant was a person of

immoral character, when she had not put her character in issue.

Witnesses were allowed to testify to the effect that the reputation of appellant for morality and chastity in the community in which she lived was bad. The cases cited in the opinion relate to female witnesses who were not the accused in the case, and the rule should not be extended to cases like this. The question presented is governed by our decision in *State v. Shaw*, 75 Wash. 326, 135 Pac. 20.

For this error the judgment is reversed and a new trial granted, and the former opinion to that extent is overruled.