[No. 16896.    Department Two.    February 16, 1922.]

FRYE & COMPANY, *Respondent,* v. MERCHANTS' TRANS-PORTATION COMPANY, *Appellant.*[1]

CORPORATIONS (193)—ACTIONS — CAPACITY TO SUE — CONDITIONS PRECEDENT—ISSUES—FAILURE OF PROOF. Where an issue has been raised by the pleadings as to the capacity of a corporation to sue, a finding by the court of such capacity is unwarranted in the absence of proof addressed to that issue.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered June 25, 1921, upon findings in favor of the plaintiff, in an action on contract tried to the court. Reversed.

*Byers & Byers,* for appellant.
*Donworth, Todd & Higgins,* for respondent.

HOLCOMB, J.—Respondent alleged, appellant denied on information and belief, but the court found, that respondent is a corporation of the state of Nevada, with its principal place of business in Seattle, King county, Washington, and had paid its annual license fee due the state of Washington, at the time of the pleading.

Appellant moved a nonsuit at the close of plaintiff's case upon the ground of utter failure of proof, which was denied by the court. Appellant excepted to this

[1]Reported in 204 Pac. 184.

finding because there was no proof of the facts, and bases error thereon. There is no proof or admission in the record of those necessary and material allegations of fact.

A number of other errors are urged, but this one is sufficient. In all other respects we are disposed to affirm the judgment against appellant, deeming the other errors urged to be untenable. There is nothing serious involved but questions of fact.

We long ago held, in *Denver v. Spokane Falls*, 7 Wash. 226, 34 Pac. 926, that the legal capacity of the plaintiff may be raised under the form of general denial, and that, under such denial, plaintiff was put to its proof as to every allegation material to its cause of action. See, also, *Thompson-Spencer Co. v. Thompson*, 61 Wash. 547, 112 Pac. 655, and *Washington Printing Co. v. Osner*, 99 Wash. 537, 169 Pac. 988.

In the last two cases, no issue had been raised as to the corporate capacity of plaintiff, by the pleadings. In this case, the issue having been raised, and there being a total failure of proof as to the corporate capacity of respondent, it follows that there was a complete failure of proof upon which to base such finding necessary to respondent's recovery.

The judgment is reversed and a new trial ordered.

PARKER, C. J., MAIN, MACKINTOSH, and HOVEY, JJ., concur.