[No. 18492.   Department Two.   February 24, 1925.]

THE STATE OF WASHINGTON, *Respondent,* v. WALTER T. LINDSEY, *Appellant.*[1]

CRIMINAL LAW (244)—TRIAL—MISCONDUCT OF COUNSEL—CURE BY INSTRUCTIONS. Error cannot be assigned upon the improper conduct of the prosecuting attorney in asking improper questions, where objections thereto were sustained, they were not answered, and the court instructed the jury to disregard the questions and ordered that they be not repeated.

SAME (451)—APPEAL—HARMLESS ERROR—CONDUCT OF COUNSEL. Error cannot be assigned upon an improper remark in the argument of the prosecuting attorney which was objected to and the objection sustained, and the jury was instructed to disregard it.

SAME (220)—TRIAL—PRESENCE AND CONDUCT OF SPECTATORS. The denial of a new trial on account of the partizan conduct of spectators is a matter within the discretion of the trial court which will not be disturbed on appeal where abuse of discretion is not shown.

INTOXICATING LIQUORS (28, 51)—OFFENSES—UNLAWFUL MANUFACTURE—INSTRUCTIONS. In a prosecution for unlawful manufacture of liquor, it is not prejudicial error to give an instruction covering a greater space of time than alleged in the information, where there was no evidence of any crime other than the one charged.

INDIANS (16)—CRIMES—OFFENSES COMMITTED ON RESERVATIONS—COURTS—JURISDICTION. The state courts have jurisdiction of the prosecution of a white man for a violation of the state prohibition laws committed on an Indian Reservation.

Appeal from a judgment of the superior court for Yakima county, Gilbert, J., entered March 27, 1923, upon a trial and conviction of manufacturing intoxicating liquor. Affirmed.

*Snively & Bounds,* for appellant.

*Sydney Livesey* and *M. C. Delle,* for respondent.

MITCHELL, J.—The appellant was found guilty by a jury of the crime of manufacturing intoxicating liquor, and has appealed from a judgment on the verdict.

[1]Reported in 233 Pac. 327.

There can be no question, indeed none is presented, that there was abundant evidence to justify the verdict.

Several assignments of error are presented upon the alleged prejudicial conduct of the deputy prosecuting attorney in the trial of the case which it is claimed calls for a reversal. They refer to three questions asked on the cross-examination of Mrs. Keck while testifying on behalf of the appellant, and a statement made by the attorney in his closing argument to the jury. It is claimed that the three questions immediately following each other were of similar import, that they were unfair and were asked for the purpose of prejudicing the jury against the appellant. It may be stated that there is some question, under authorities called to our attention, but that the questions were proper, but it is not necessary nor do we decide that they were proper. As the incident occurred, the witness was asked a question to which an objection was sustained. Counsel for the state then stated that the purpose of the question was impeachment, but the court ruled against him. Thereupon another question was asked similar to the first, but more specific and including additional matter. An objection was sustained and the court of its own motion instructed the jury to disregard the question and ordered counsel not to repeat it. Thereafter, one or more questions and answers intervening, the witness was asked the third question complained of, which sought to ascertain the witness' knowledge of the defendant's engaging in the manufacturing of intoxicating liquor—a different kind of question from the other two. An objection to it was sustained and the court of its own motion again instructed the jury to disregard the question. Not one of the questions was answered. We are satisfied there was no error. *State v. Franklin*, 124 Wash. 620, 215 Pac. 29, and cases cited therein.

*State v. Pickel,* 116 Wash. 600, 200 Pac. 316, 204 Pac. 184.

The statement made in the closing argument to the jury that is assigned as error was: ''There was only one man that said he knew these men (the two officers who made the arrest) for years, and Mr. Bounds excused him from the jury.'' Clearly the statement referred to a matter that the jury already knew of, but, aside from that, the statement was objected to and, upon being sustained, the court instructed the jury to disregard it. ''It will be presumed that they heeded the admonition of the court.'' *Calhoun v. Portland R., Light & Power Co.,* 105 Wash. 592, 178 Pac. 805.

Considerable complaint is made on ''the question of the conduct, or rather misconduct, of those attending the trial of the case as spectators.'' In short, the argument is that those who socially and by organized efforts were in sympathy with the cause of the state flocked to the court room and made themselves so prominent as to interfere with the rights of the appellant and prevent him from having a fair trial. There were affidavits filed in support of the motion for a new trial that referred to the number and attendance of such persons. But in this respect the situation was not onesided. On the contrary, there were affidavits filed showing that there were in constant attendance as many or more spectators who were acknowledged partisans on the other side of the case. It appears from a written opinion of the court in denying the motion for a new trial, made a part of the record by stipulation of counsel, that the partisans against the cause of the state, some of whom had cases docketed for trial at the same jury term, present in the audience outnumbered those of contrary views. The opinion further states:  .

"It would seem that both sides of the wet and dry issue were represented. Unless one were acquainted with the fact that certain of the spectators were members of the W. C. T. U., or any other anti-liquor organization, if such be a fact, there was nothing that the court could observe that would apprise them of it. If the court had sensed or observed anything exhibited, said or done on the part of any one which could have had any effect whatever, prejudicial to the defendant or otherwise, upon the jury, it would have been corrected at once and the persons responsible therefor called to account. There was no demonstration of any kind. All trials are public and the court is without power to exclude any particular person or persons who may attend as spectators, unless their number interferes with the carrying on of the business of the court, or it becomes necessary because of consideration for safety."

In considering such assignments of error as this, and those hereinbefore mentioned, it must be kept in mind that they refer to matters peculiarly within the knowledge and supervision of the trial court, which, when called in review in this court, suggest at once the existence and wisdom of the rule that because the trial court is called upon to reconsider them and exercise discretion upon disposing of a motion for a new trial, that the order thereon will not be disturbed except for an abuse of discretion.

The giving of the following instruction is assigned as error:

"You are further instructed that if you shall find from the evidence in this case, beyond a reasonable doubt, that the defendant, Walter T. Lindsey, in Yakima county, Washington, on or about September 4, 1922, or any time during the latter part of the month of August, or at any time prior to his arrest, if he was arrested, during the first four days of September, 1922, was engaged in the manufacture of intoxicating liquor, it will be your duty to find the defendant guilty."

The argument against the instruction is that it covers too much space of time. However, it could not have been misleading or confusing, in view of the fact that there is not a particle of evidence in the record of the commission of any crime other than the one with which the appellant was charged and for which he was arrested on September 4, 1922. *State v. Ito,* 129 Wash. 402, 225 Pac. 63.

Lastly, it is assigned as error that the trial court had no jurisdiction to try the cause or to pronounce sentence therein, for the reason that the alleged crime was committed within the limits of the Yakima Indian reservation, or on the property of an allottee of that tribe. It is conceded that the appellant is a white man, at least there is no proof to the contrary, and the arguments of respective counsel proceed upon that basis. There is no personal or property right of an Indian, tribal or non-tribal, involved in the action. Similar situations have heretofore been presented to this court and we have held that there was jurisdiction in the state court. *State v. Williams,* 13 Wash. 335, 43 Pac. 15; *State v. Howard,* 33 Wash. 250, 74 Pac. 382; and *State v. Smokalem,* 37 Wash. 91, 79 Pac. 603. The objection to the jurisdiction of the state court is further answered, in our opinion, by the case of *Draper v. United States,* 164 U. S. 240, 41 L. Ed. 419, wherein it was held that the Federal court did not have jurisdiction, but that the state court only had jurisdiction, to hear a case wherein a negro was charged with the crime of murdering another negro on an Indian reservation in the state of Montana. The case is especially applicable because Montana, this state and others were admitted under the same enabling act of Congress, approved February 22, 1889 (Rem. Comp. Stat., vol. 1, pp. 30-39), while the pertinent portion of the compact between the state of Montana and the United States, as it is set out

in the *Draper* case, is the same in legal effect as ours with the United States, as it appears in the second subdivision of article XXVI of our state constitution.

Portions of an act of Congress relating to Indian Territory prior to its being admitted as the state of Oklahoma, together with arguments made thereon by counsel for the appellant, are not applicable to this case.

Judgment affirmed.

FULLERTON, MAIN, MACKINTOSH, and HOLCOMB, JJ., concur.