[No. 21595. Department One. May 9, 1929.]

THE CITY OF SPOKANE, *Respondent*, v. CLINTON STAMPER, *Appellant*.[1]

W. B. Mitchell, for appellant.

J. M. Geraghty and Arthur L. Hooper, for respondent.

HOLCOMB, J.—Appellant was convicted in the police court of Spokane under a city ordinance. The complaint charged him with having

". . . intoxicating liquor in his possession in the city of Spokane on April 24, 1928, with intent to sell, barter and exchange the same, to wit, whiskey."

[1]Reported in 277 Pac. 388.

Upon conviction in the police court, appellant appealed to the superior court, where he was again convicted upon the same complaint, upon a trial before a jury. He was adjudged to pay a fine, and sentenced to confinement in the county jail for sixty days, from which he appeals.

The first claim of error by appellant is in the refusal of the trial court to instruct the jury, as requested by appellant, that respondent had failed in its proof, and that the jury should bring in a verdict of not guilty.

The evidence is in sharp conflict and includes an ingenious explanation by appellant. The evidence was, however, ample on the part of the prosecution to make a case for the jury. There was no error in refusing to instruct to find appellant not guilty.

█ It is claimed that the court erred in refusing to instruct the jury that it should find separately on each count contained in the complaint, namely, ''liquor in possession'' and ''intent to sell, barter or exchange whiskey.''

The charge under the ordinance is a charge of one misdemeanor only. It is not a charge of two separate offenses, or of one offense and one included offense, as is the case where a felony includes a misdemeanor, or two misdemeanors are charged. There was no error in refusing so to instruct the jury.

█ It is claimed that the court erred in denying the motion of appellant for judgment, and for a new trial, and in entering judgment upon the verdict of the jury under the circumstances and evidence in this case.

We have already determined that the circumstances and evidence in this case justified the submission of the case to the jury. The court gave instructions to the jury of which no complaint is made, and to which none could be made. The instructions were as favorable to

appellant as could be demanded, with the exception that the court refused to order a directed verdict of not guilty. Under the evidence and circumstances, no such direction could properly have been given.

Under this claim, appellant further argues that there was misconduct on the part of the attorney for the prosecution in making certain statements in his argument to the jury, which were apparently outside of the record.

Whether these statements were invited by statements made by counsel for appellant, is in dispute, by the affidavits in the record. At any rate, the trial court instructed the jury promptly upon objection being made, as follows:

"Gentlemen: This question can be settled very easily. The jury will disregard everything in regard to the time the defendant had been in jail. That is none of the jury's affair at all one way or the other, and this whole matter then will be eliminated from your minds. Just pass upon the record as you find it here."

The court also stated that the charge upon which defendant was being tried was for an offense committed on April 24, 1928, and that there was no evidence, one way or the other, as to how long the defendant had been in jail. He then instructed the jury to disregard everything in the argument as to the time defendant had been in jail.

By these admonitions of the trial court, it must be presumed that the jury, being persons of reasonable intelligence, and integrity, were governed, and in the absence of specific showing that the accused was prevented from having a fair trial and was prejudiced by the statements of the attorney for the prosecution, this court cannot presume prejudice and reverse the verdict and judgment therefor. *State v. Pickel,* 116 Wash.

600, 200 Pac. 316, 204 Pac. 184; *State v. Franklin,* 124 Wash. 620, 215 Pac. 29; *State v. Lindsey,* 133 Wash. 140, 233 Pac. 327.

There was no prejudicial error in the trial below and the judgment is affirmed.

MITCHELL, C. J., TOLMAN, FULLERTON, and BEALS, JJ., concur.