PEOPLE v. BURREL.

CRIMINAL LAW—RAPE—STATUTORY RAPE—ACCESSORY—KNOWLEDGE
THAT OFFENSE IS TO BE COMMITTED NECESSARY.
  That statutory rape was committed in back seat of automobile
  by another would not render owner and driver of car guilty
  of said offense, as accessory, in absence of showing by prose-
  cution that he had knowledge that said offense was to be com-
  mitted; mere knowledge of what was happening when offense
  was being committed being insufficient to render him guilty
  (Act No. 175, Pub. Acts 1927, chap. 7, § 39).

Error to Berrien; White (Charles E.), J. Sub-
mitted January 15, 1931. (Docket No. 147, Calendar
No. 35,029.) Decided February 27, 1931.

Cleveland Burrel was convicted of statutory rape.
Reversed, and defendant discharged.

*Charles W. Gore,* for appellant.

*Paul W. Voorhies,* Attorney General, *Harold J.
Waples,* Assistant Attorney General, and *Wilbur
M. Cunningham,* Prosecuting Attorney, for the
people.

CLARK, J. Defendant was convicted of statutory
rape, of having carnal knowledge of a female under
the age of 16 years. 3 Comp. Laws 1915, § 15211.
To review judgment he brings error.

The prosecution is predicated on section 39, chap.
7, Act No. 175, Pub. Acts 1927:

"Every person concerned in the commission of an
offense, whether he directly commits the act con-
stituting the offense or procures, counsels, aids, or
abets in its commission may hereafter be prosecuted,

indicted, tried and on conviction shall be punished as if he had directly committed such offense.''

One Bracken, a young married man, had sexual intercourse with the girl, and pleaded guilty of the offense. Defendant had nothing to do with her. The question is whether defendant did procure, counsel, aid, or abet in the commission of the crime.

Defendant and Bracken lived at Benton Harbor. The girl lived just out of the city. She and Bracken were friendly. She had written him letters and had given him a photograph of herself. Defendant had an automobile. One evening Bracken had an engagement to meet the girl, and asked defendant to drive him out on the south side of the city. They went to a gasoline station. Bracken purchased gasoline. He directed the driving to a place where the girl got into the car and Bracken got into the back seat with her. Defendant drove a number of miles. Bracken was ''loving'' the girl. Defendant, as further directed, drove onto a dark road and stopped the car, leaving the motor running. Bracken had intercourse with the girl in the back of the car. Defendant sat in the front seat with arms over the steering wheel and his head resting on his arms. He said nothing to the girl, and took no part in the affair. The girl made no outcry, except to say, ''Don't,'' once or twice to Bracken, and this seems from prompting of modesty rather than from thought of resistance. It is not known that defendant heard her—he says he did not. There is nothing in the record to show directly or by reasonable inference that defendant knew, when taking Bracken and the girl into the car and while driving, that Bracken intended statutory rape, if he did so intend, nor can such knowledge be inferred on this record. The mere fact that Bracken went riding with the girl does not support an inference of intended rape.

There is nothing in the record showing that defendant knew, after the car was stopped, what was happening in the back of the car, except what may be inferred, if anything. The case against defendant is that he, without knowledge of criminal purpose of Bracken, drove the car as directed, and that his guests had intercourse while in his car.

If defendant had knowingly provided and driven his car for Bracken to commit statutory rape, he might be held under the statute, as in *People* v. *Wood,* 56 Cal. App. 431 (205 Pac. 698), where one who procured a room for another knowing it was to be used to commit such offense was held as a principal. *State* v. *Pickel,* 116 Wash. 600 (200 Pac. 316, 204 Pac. 184); *People* v. *Chapman,* 62 Mich. 280 (4 Am. St. Rep. 857); *State* v. *Jackson,* 65 N. J. Law, 105 (46 Atl. 764). But, as it is not shown he had such knowledge, he ought not to be held.

If it be inferred that, after stopping the car, he knew what his guests were doing in the back of the car, it makes no difference, and as to this, we quote from 1 Cyc. Crim. Law (Brill), § 233:

"Mere presence, even with knowledge that an offense is about to be committed or is being committed, is not enough to make a person an aider or abettor or a principal in the second degree nor is mere mental approval, sufficient, nor passive acquiescence or consent."

If defendant is to be held on the result of the adventure, then he could be held likewise if the result had been an act of gross indecency, a taking of indecent liberties, or even murder.

Reversed, and defendant discharged.

BUTZEL, C. J., and WIEST, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.