# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

DESHAWN MAURICE COLBERT, SR.,

       Defendant-Appellant.

UNPUBLISHED
March 24, 2015

No. 319077
Calhoun Circuit Court
LC No. 2012-003315-FC

Before: WILDER, P.J., and SERVITTO and STEPHENS, JJ.

PER CURIAM.

Defendant, Deshawn Colbert, Sr., appeals as of right his convictions for felony murder, MCL 750.316(1)(b), and armed robbery, MCL 750.529, arising out of the death of victim Larry Evans. The trial court sentenced defendant to life imprisonment for felony murder and 40 to 60 years' imprisonment for armed robbery. We affirm.

The victim was beaten and shot during an armed robbery at his home. Although he was alive when police arrived at the scene, he later died from his injuries. When officers responded to a report of a breaking and entering at the victim's home, they took custody of three men fleeing the scene: codefendants Deven Nelson, Cory Nelson, and Deshawn Colbert, Jr. Officers assisted by a canine unit also arrested defendant, who they found hiding under a pull-out bed in the basement. Officers also discovered Ehabb Kelly, the victim's son, behind a cabinet in the basement where he had taken shelter and called police after hearing loud noises and voices upstairs. The victim's other son, Terrance Evans, returned home after police secured the scene. A search of the house revealed two handguns, an empty shell casing, a bullet matching one of the handguns, and bloodstains throughout the house. DNA sampled from bloodstains on both firearms and on defendant's clothing and shoes matched the victim's DNA. Officers also found nearly a pound of marijuana belonging to Terrance in a duffel bag within a locked cabinet in his room. The cabinet had been forced open.

Defendant did not testify. However, Detective Brad Wise testified without objection to defendant's statements during three in-custody interviews, and the prosecution played recordings of those interviews for the jury. Wise testified that when he asked defendant whether it was his intention to tell his son (Deshawn, Jr.) about the marijuana so that codefendants would steal it and split the money, defendant responded that Wise was "one-hundred percent." Further, defendant stated that he had a "bad feeling" on the night of the crime because Deven told him,

-1-

"Man, I'mma [sic] blast me a motherf***er." At some point after entering the house with codefendants, defendant witnessed Deven standing over the "hollering" and "moaning" victim, and defendant saw Deven repeatedly striking him with a firearm and asking, "Man, where the s*** at?"

On appeal, defendant first challenges the sufficiency of the evidence for his felony murder conviction. This Court reviews insufficient evidence claims de novo. *People v Harverson*, 291 Mich App 171, 177; 804 NW2d 757 (2010). We review evidence in a light most favorable to the prosecution to determine whether a rational jury could have found the essential elements of the crime were proven beyond a reasonable doubt. *People v Johnson*, 460 Mich 720, 722-723; 597 NW2d 73 (1999). We defer to a jury's evaluation of witness credibility and weight of evidence. *People v Eisen*, 296 Mich App 326, 331; 820 NW2d 229 (2012).

To establish felony murder on an aiding and abetting theory, the prosecution must show that defendant

> (1) performed acts or gave encouragement that assisted the commission of the killing of a human being, (2) with the intent to kill, to do great bodily harm, or to create a high risk of death or great bodily harm with knowledge that death or great bodily harm was the probable result, (3) while committing, attempting to commit, or assisting in the commission of the predicate felony. [*People v Riley*, 468 Mich 135, 140; 659 NW2d 611 (2003), quoting *People v Carines*, 460 Mich 750, 759; 597 NW2d 130 (1999) (quotations omitted).]

Defendant argues that the prosecution submitted insufficient evidence of the second element, *mens rea*. In determining *mens rea*, a jury may consider the "nature of the underlying felony and the circumstances surrounding its commission," *People v Aaron*, 409 Mich 672, 729-730; 299 NW2d 304 (1980) (quotation omitted), and "minimal circumstantial evidence is sufficient," *People v McRunels*, 237 Mich App 168, 181; 603 NW2d 95 (1999). A jury may not find malice from mere presence, *People v Burrel*, 253 Mich 321, 323; 235 NW 170 (1931), nor from defendant's intent to commit a felony alone, *Aaron*, 409 Mich at 730.

Review of the record shows that the prosecution submitted ample evidence of the circumstances of the armed robbery from which a reasonable jury could conclude that defendant wantonly and willfully disregarded the likelihood that the natural tendency of his acts was to cause death or great bodily harm. *Id.* Defendant instigated the robbery by telling Deshawn, Jr. about the marijuana with the intent that Deshawn, Jr., Deven and Cory would steal it and that defendant would share in proceeds from it. Defendant went along with the robbery even after Deven, whom he knew to be armed, stated he wanted to "blast" someone. He witnessed his other codefendants, also possessing firearms. From these facts alone, a reasonable jury could conclude that defendant was aware of and disregarded the very high risk of death or bodily harm likely to result from his actions. Further, the victim's DNA was on defendant's clothing and shoes, from which a reasonable inference could be drawn that he came in contact with the victim during the crimes. The evidence of the circumstances surrounding the commission of the armed robbery and murder, viewed in a light most favorable to the prosecution, supports the jury's conclusion that defendant had *mens rea* sufficient for felony murder. *Johnson*, 460 Mich at 722-

-2-

723. Accordingly, the prosecution submitted sufficient evidence for defendant's felony murder conviction.

Defendant also argues that his convictions for felony murder and armed robbery violated double jeopardy protections. The Double Jeopardy Clauses of the United States and Michigan constitutions, US Const, Am V; Const 1963, art 1, § 15, prohibit multiple punishments for the same offense. *People v Nutt*, 469 Mich 565, 574; 677 NW2d 1 (2004). In determining whether a defendant was subjected to multiple punishments for the same conduct, we compare the statutory elements of the convicted offenses. Our Supreme Court has clearly established that "convicting and sentencing a defendant for both first-degree felony murder and the predicate felony does not violate the 'multiple punishments' strand of the Double Jeopardy Clause if each offense has an element that the other does not." *People v Ream*, 481 Mich 223, 240; 750 NW2d 536 (2008). Comparing armed robbery and felony murder, it is clear that each offense has elements the other does not: the killing of a human being is an element of felony murder, but not armed robbery; larceny is an element of armed robbery, but not felony murder, which may be predicated upon any number of underlying felonies which need not involve a larceny. Accordingly, there was no double jeopardy violation.

Affirmed.

/s/ Kurtis T. Wilder
/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens