# Order

Michigan Supreme Court
Lansing, Michigan

June 28, 2019

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

156430

PEOPLE OF THE STATE OF MICHIGAN,
     Plaintiff-Appellee,

v

                                   SC: 156430
                                   COA: 331602
                                   Wayne CC: 13-000575-FC

KELLI MARIE WORTH-McBRIDE,
     Defendant-Appellant.
_____/

On January 23, 2019, the Court heard oral argument on the application for leave to appeal the July 13, 2017 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.305(H)(1). In lieu of granting leave to appeal, we VACATE the Court of Appeals judgment and REMAND this case to the Court of Appeals for consideration of whether the defendant's due-process right to be informed of the nature of the charges against her was violated where the trial court convicted her as a principal of second-degree murder, MCL 750.317, and first-degree child abuse, MCL 750.136b(2), despite the prosecution proceeding solely on a theory that the defendant aided and abetted the victim's father in the commission of these crimes. See *Cole v Arkansas*, 333 US 196, 201 (1948). The trial court did not resolve prior to trial the defendant's motion to quash the bindover, in which the defendant asserted that the evidence was insufficient to support an accomplice-liability theory, see MCL 767.39, because the evidence only showed that the defendant had failed to prevent the victim's father from harming their son. See *People v Burrel*, 253 Mich 321, 323 (1931) (" 'Mere presence, even with knowledge that an offense is about to be committed or is being committed, is not enough to make a person an aider or abettor . . . nor is mere mental approval, sufficient, nor passive acquiescence or consent.' ") (citation omitted). The Court of Appeals may also address whether the record evidence supports a finding that defendant was guilty as an aider and abettor and any other issue the Court of Appeals determines is necessary to resolve the issue we have remanded to it, in addition to any issues that the defendant raises that relate to the trial court's stated explanation for its verdict, see MCR 6.403.

We do not retain jurisdiction.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 28, 2019



Clerk

p0626