## UNITED STATES v. SHERRY.

(District Court, N. D. Illinois, E. D. December 3, 1923.)

No. 8341.

1. **Criminal law ⬳393(2)—Removal from defendant's drug store of prescriptions required to be kept for governmental inspection not violation of Fifth Amendment.**

    Where prescriptions which, under Harrison Anti-Narcotic Act, § 2 (Comp. St. § 6287h), were required to be filed and kept for governmental inspection, were removed by government agents from defendant's drug store without a warrant, there was no violation of Const. Amend. 5, protecting an accused person from being compelled to incriminate himself.

2. **Searches and seizures ⬳7—Removal of prescriptions required to be kept for governmental inspection not unreasonable seizure.**

    Where prescriptions which, under Harrison Anti-Narcotic Act, § 2 (Comp. St. § 6287h), were required to be filed and kept for governmental inspection, were removed by government agents without a warrant from defendant's drug store, either with defendant's consent or without objection, there was no violation of Const. Amend 4, relating to unreasonable searches and seizures.

Robert B. Sherry was indicted for violating the Harrison Anti-Narcotic Act. On defendant's motion for return of certain papers. Motion denied.

---

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

WILKERSON, District Judge. [1] Defendant is indicted under the Harrison Act (Comp. St. §§ 6287g–6287q). He petitions for the return of some prescriptions which he claims were seized at his drug store and taken away by the government's agents in violation of his constitutional rights. The prescriptions were issued and kept to meet the requirements of the second section of the act (section 6287h). That section provides that the dealer—

"shall preserve such prescription for a period of two years from the day on which such prescription is filled in such a way as to be readily accessible to inspection by the [government] officers, agents, employees, and officials. * * * *"

In this case there was no search warrant. The agents went to the drug store to inspect these records required by law to be kept and preserved. No objection was made to their entry and to the inspection of the prescriptions by them. The prescriptions were removed by the government agents to the office of their department for more convenient and thorough examination. Defendant offers evidence, as to some of the prescriptions, that objection was made to the removal. This is denied by the government agents. As to the other prescriptions it seems to be conceded that no such objection was made.

As to the claim under the Fifth Amendment, it becomes necessary to determine the nature of the documents and the capacity in which they were held. Are they of a character which subjects them to the scrutiny demanded? Did the custodian voluntarily assume a duty which overrides his claim of privilege? Applying the principles stated in Wilson v. United States, 221 U. S. 361, 380, 382, 31 Sup. Ct. 538, 55 L. Ed. 771, Ann. Cas. 1912D, 558, these questions must be answered in the affirmative. Drawing the distinction between papers of this character and private papers of the kind involved in the Boyd Case, 116 U. S. 616, 6 Sup. Ct. 524, 29 L. Ed. 746, the court said:

"In the case of public records and official documents, made or kept in the administration of public office, the fact of actual possession or of lawful custody would not justify the officer in resisting inspection, even though the record was made by himself and would supply the evidence of his criminal dereliction. * * * The principle applies not only to public documents in public offices, but also to records required by law to be kept in order that there may be suitable information of transactions which are the appropriate subjects of governmental regulation and the enforcement of restrictions validly established. There the privilege, which exists as to private papers, cannot be maintained."

Again, referring to decisions in state courts, in which the privilege against self-incrimination is considered in its relation to records required by law to be kept by druggists, the court said (Wilson v. United States, 221 U. S. 381, 382, 31 Sup. Ct. 545, 55 L. Ed. 771, Ann. Cas. 1912D, 558):

"The fundamental ground of decision in this class of cases, is that where, by virtue of their character and the rules of law applicable to them, the books and papers are held subject to examination by the demanding authority, the custodian has no privilege to refuse production although their contents tend to criminate him. In assuming their custody he has accepted the incident obligation to permit inspection."

[2]· As to the claim under the Fourth Amendment (which, of course, is distinct from the one under the Fifth Amendment), I find from the evidence that the taking of the prescriptions and their removal for examination by the agents of the United States were, with the exception of a small part of the prescriptions, with the consent of defendant. As to the others, defendant did not object to their removal. The agents entered the drug store and proceeded to inspect the prescriptions without objection. In doing this they were in the discharge of their duties under the statute. Certainly in view of the character of these papers, as above pointed out, this cannot be characterized as an unreasonable search. And the taking of the papers which the United States had the right to inspect to the government offices for more convenient examination cannot be viewed as an unreasonable seizure within the meaning of the Fourth Amendment. The protection guaranteed by that amendment is the right of the people to be secure in *their* persons, houses, papers, and effects. The papers here involved are records required by law to be kept for inspection by the government.

The motion for the return of these papers is denied. Upon request of defendant, an order will be made that they be impounded with the clerk of this court, so that they may be accessible to both parties in their preparation of the case for trial.

Motion of defendant for return of papers denied.