[No. 18987.   Department One.   April 3, 1925.]

THE STATE OF WASHINGTON, *Respondent,* v. PETER
ZOUNICK, *Appellant.*[1]   •

CRIMINAL LAW (123, 124)—SEARCHES AND SEIZURES—EVIDENCE OB-
TAINED BY UNLAWFUL SEARCH—QUESTION FOR COURT.   Whether the
officer seizing liquor made a legal search of an automobile presents a
question for the determination of the trial court and not the jury.

INTOXICATING LIQUORS (30, 50)—UNLAWFUL POSSESSION—PRIOR
CONVICTIONS—RECORD IN JUSTICE COURT—PENDENCY OF APPEAL.   In a
prosecution for unlawful possession of liquor, after prior convic-
tions, required to be alleged by Rem. Comp. Stat., § 7339, which
makes a record of conviction sufficient proof thereof, a prior con-
viction in a justice court, showing on the face of the record an
appeal to the superior court, with appeal bond given, is not suf-
ficient to sustain a conviction of cumulative offenses, or to warrant
the submission thereof to the jury.

CRIMINAL LAW (116)—EVIDENCE—CHARACTER OF ACCUSED—IM-
PEACHMENT.   Where accused has not put his character in issue, it
is error to allow the same to be assailed upon cross-examination by
showing that he was not a citizen, after ten years' residence here,
and had claimed exemption from military service.

SAME (233)—OBJECTIONS TO EVIDENCE—TIME FOR OBJECTION.   Im-
mediately moving to strike, after answer to a question asked with
intent to wrongfully prejudice the accused, is equivalent to ob-
jecting to the question, as a basis for an assignment of error.

Appeal from a judgment of the superior court for
Spokane county, Lindsley, J., entered June 14, 1924,
upon a trial and conviction of the unlawful possession
of intoxicating liquor.   Reversed.

*Crandell & Crandell,* for appellant.

*Chas. H. Leavy, Edward M. Connelly,* and *Frank
Funkhouser,* for respondent.

ASKREN, J.—Appellant was convicted upon an in-
formation which charged him with unlawful possession
of intoxicating liquor on April 3, 1924, and which

[1]Reported in 234 Pac. 659.

further charged that he had been convicted twice be-
fore of the same offense—once on March 2, 1923, and
once on November 5, 1920.

He complains, first, that certain evidence which con-
sisted of intoxicating liquor taken from his automobile
by two deputy sheriffs should have been suppressed,
and that, in any event, the question as to whether the
officers made a legal search of his automobile should
have been submitted to the jury.

The trial court passed upon the sufficiency of the
search, and we are not disposed to disturb its ruling
on the conflicting evidence. We have heretofore held
that such matters are for the determination of the trial
court, not the jury. *State v. Dersiy,* 121 Wash. 455,
209 Pac. 837.

Appellant next complains of the introduction of ex-
hibit No. 5, which was a transcript of the proceedings
in justice court relating to the conviction charged as of
November 5, 1920. Timely objection was made not
only to the introduction of the transcript, but to the
sufficiency of the evidence to establish a prior convic-
tion. The transcript shows conviction before G. W.
Stocker, justice of the peace, on November 5, 1920;
but upon its face appears the following entry: "De-
fendant gives oral notice of appeal. Bond fixed at
$600. Defendant to stand committed until said bond
is furnished or otherwise be discharged by due process
of law." The transcript further contains the follow-
ing: "$600.00 of bond transferred from case No. 15582
to this case. The above bond sent to the Co. Clerk.
Our check No. 4236." It is the contention of appellant
that a transcript of conviction in justice court which
bears upon its face a record that he has appealed from
it to the superior court is, in effect, no conviction at
all; while the contention of respondent is that, having
shown the conviction, it was incumbent upon the de-

fendant to show what disposition was made of the case upon appeal, since the state was required by statute (§ 7339, Rem. Comp. Stat.) [P. C. § 3194], to allege any prior conviction.

It is manifest, however, that the statute requires the information to allege prior conviction only when such conviction is a valid, enforcible conviction. The question naturally arises, then, was this such a conviction? Under our laws, one who has been convicted in justice court is entitled as a matter of right, by filing notice of appeal, to have his case tried *de novo* in the superior court. One of the essential elements of the crime charged in this case was that defendant had been convicted twice before upon similar charges; for, under the statute, there is a greatly enhanced penalty for the third conviction, since it is only upon a third conviction that the defendant can be imprisoned in the penitentiary. If the transcript offered had shown only the conviction of the defendant it would be, under § 7339, *supra,* sufficient evidence and proof thereof; but a record of conviction which shows upon its face that it has been appealed from is not such a final conviction as to establish in a criminal case an enforcible conviction upon the charge sought to be shown by the transcript.

Respondent relies upon our ruling in *State v. Harras,* 22 Wash. 57, 60 Pac. 58, wherein we upheld the action of the trial court in refusing to allow a witness to testify in a criminal case where the witness had previously been convicted of perjury, and his appeal from such conviction was then pending in the supreme court. The ground upon which we sustained the ruling in that case was that it was a collateral attack upon the judgment. In other words, in that case the issue was between the state and the defendant, and not between the person offered as a witness and the

state. We think, however, that there is a marked distinction between that case and this. In that case the witness had been convicted in the superior court and appeal was pending before this court. The conviction was final unless this court should determine, as a matter of law, that the conviction was wrong. In the present case, upon conviction in justice court, the defendant was not required to make any showing to enable him to secure a new trial, but a new trial was his as a matter of right; and upon a trial in the superior court his case would be tried under the same circumstances as though there had never been a previous trial thereof. The record is barren of any evidence as to what disposition was made of this notice of appeal. We do not know whether the defendant was acquitted in the superior court, or whether his appeal was dismissed and he served his time, or whether the case is still pending undisposed of. Neither could the jury tell, and yet the jury were required by their verdict to find whether he had previously been convicted, and by such verdict they answered that he had. It was error, upon the state of the evidence, to submit to the jury the question of prior conviction on November 5, 1920. *State v. Volmer,* 6 Kan. 379; *Colman v. State,* 17 Okl. Cr. 716, 189 Pac. 759; *Wade v. State,* 17 Okl. Cr. 717, 189 Pac. 759; *Long v. State,* 17 Okl. Cr. 672, 192 Pac. 427.

Another ground of error urged by appellant has to do with certain questions asked him upon cross-examination. The appellant did not offer his own character in issue, and yet, while he was on the stand, and at a time when all the previous examination had been wholly unrelated to the question of his character, residence and like matters, he was asked the following questions:

"Q. Are you a citizen of this country? A. I am not. Q. You aren't? A. No, sir. Q. You have lived here for ten years? A. Oh, a little over ten years, I think. I come here in 1910, I think. Q. What were you doing in 1917 and 1918? A. Working in the mines. Q. Did you claim exemption from military service because you were an alien? A. I did. Mr. Crandell: I ask to have that stricken. It is incompetent, irrelevant and immaterial. The Court: Overruled. Mr. Crandell: Exception. Mr. Connelly: Q. Did you? A. Yes."

It was error to allow these questions and answers to stand in the record. It is the established law of this state that where the defendant's character has not been offered in evidence, the state may not seek to impeach it. *State v. Shaw,* 75 Wash. 326, 135 Pac. 20; *State v. Pickel,* 116 Wash. 600, 200 Pac. 316, 204 Pac. 184.

Respondent insists that objection should have been made before the questions were answered, but it will be noted that the motion to strike was made immediately after the answer to the question as to the claimed exemption, and was refused. It is apparent that the only purpose in asking this question was to attack appellant's character and prejudice him before the jury. No matter what question may be raised as to the propriety of aliens residing in this country claiming the privilege of exemption during the world war, it is a matter of common knowledge that many persons feel an extreme prejudice against those who claimed this legal right. Whether the prejudice is well founded is not for the courts to determine, but since it exists it should not be permitted to creep into the trial of a case and prejudice defendant's right to have a fair trial.

The judgment is reversed with instructions to grant a new trial.

TOLMAN, C. J., PARKER, and MAIN, JJ., concur.

BRIDGES, J. (concurring)—I concur in the second reason given for reversal, but not in what is said about the prior conviction.