[No. 24991. Department Two. March 16, 1934.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN E. MARTIN, *Appellant.*[1]

*Henry Clay Agnew,* for appellant.

*R. W. Miller,* for respondent.

BLAKE, J.—The defendant was convicted of the crime of murder in the second degree on two counts. He appeals from judgment and sentence pronounced on the verdict, assigning error in the admission of evidence in two particulars and the refusal of the trial court to give an instruction submitting the crime of manslaughter to the jury.

[1]Reported in 30 P. (2d) 660.

Consideration of the latter assignment necessitates a somewhat detailed statement of undisputed facts. Appellant lived alone on a ranch in Kitsap county, except at times when he had a hired man or two on the place. Shortly prior to October 25, 1932, two men, known only by the names of ''Milo'' and ''Pete,'' came to work for him. It was on that day that Milo and Pete were last seen alive. The following morning, appellant appeared at the home of a neighbor, showing evidences of having been very badly beaten and mauled. He told the neighbor that Milo and Pete had assaulted and robbed him and then disappeared.

The neighbor reported the alleged assault and robbery to the sheriff of Kitsap county, who, after an investigation, apparently accepted appellant's story of the affray and the disappearance of Milo and Pete. In February, 1933, however, appellant was taken into custody and questioned. At first he held substantially to his original story, but when the sheriff announced that he was going to engage in some work of excavation at appellant's ranch, the latter confessed that he had killed the men and buried their bodies on the place behind the barn.

The bodies were exhumed at the place indicated by appellant. An autopsy showed that both men had been shot in the right side of the head, the bullet in each instance being found in the brain near the left ear. Appellant maintained that he shot the men in self-defense.

On the witness stand, he testified that, on the night in question, he was awakened by someone throwing the bed covers off him; that he looked up and saw Pete standing over him and Milo right behind with a pump gun in his hands; that Pete began to beat him, and that, while he was struggling with Pete, Milo struck

him across the back with the pump gun; that, in the midst of the melee, he reached under the mattress and got hold of a revolver, with which he first shot Pete and then Milo.

■ In a long line of cases, from *State v. Payne,* 10 Wash. 545, 39 Pac. 157, to *State v. Turpin,* 158 Wash. 103, 290 Pac. 824, this court has held that, where the killing of a human being is admitted, the killing is presumed to constitute the crime of murder in the second degree. The burden is on the state to raise the charge to murder in the first degree, and the burden is on the defendant to justify his act or reduce the charge to manslaughter. In the judgment of the jury, appellant failed to justify the killing. In the opinion of the trial court, he failed to present evidence tending to reduce the charge to manslaughter. In this view of the evidence, we concur. The appellant testified:

"I am not sorry I got that brute of a Pete, but Milo was a good boy; he was just a tool of this other fellow, and I am sorry that I got him."

The killing was admittedly intentional. Failing to justify the homicide on the theory of self-defense, appellant was clearly guilty of murder in the second degree. As we read the record, the only other inference to be drawn from the evidence is that appellant shot the men while they were asleep. If the jury had accepted that view, the verdicts would have been guilty of murder in the first degree. It was not error to refuse to submit the crime of manslaughter to the jury.

■ Coming to error assigned on the admission of evidence, Peele, a witness for the state, in the course of his testimony said:

"I live at Kingston. Some time later than October 1932, Mr. Martin asked me if I wanted to buy any liquor. I cannot give the exact date."

The statement of facts is in narrative form. The statement quoted is the only testimony of the witness appearing in the record. Though its relevance is not apparent, conceivably it was competent. No pertinent suggestion has been made that it was prejudicial. We think the error, if any, in admitting it was harmless.

■ On cross-examination, appellant was asked if he had not been convicted of the crime of assault in the third degree in a justice court in Whatcom county. He denied that he had. The state then offered the record of such a conviction, upon the face of which it appeared that an appeal had been taken from the justice court to the superior court of Whatcom county on June 18, 1929. The record on appeal was filed in the superior court on June 28, 1929. The cause was never tried in the superior court; nor was the appeal dismissed.

Appellant contends that the record of conviction was not competent as evidence in this case, under the rule of *State v. Zounick,* 133 Wash. 638, 234 Pac. 659. We do not think the contention tenable. The information in the *Zounick* case charged the defendant with the crime of unlawful possession of intoxicating liquor *and of being twice before convicted of the same offense.* In other words, the prior convictions were integral parts of the crime charged under the statute. Rem. Rev. Stat., §§ 7338, 7339; *State v. Gilfilen,* 124 Wash. 434, 214 Pac. 831. One of the convictions relied on was pending at the time of trial, on appeal from the justice court to the superior court. It was held that the record of conviction in the justice court case was insufficient to sustain a verdict of guilty under the charge of cumulative offenses contained in the information.

Here, the only purpose of the record of conviction in the justice court was to impeach the credibility of the appellant as a witness. He had denied that he

ever had been convicted, when in fact he had. The record of his conviction was competent proof of the falsity of his denial. The question here under consideration (with the case of *State v. Zounich, supra,* cited as authority) was raised in the case of *State v. Johnson,* 141 Wash. 324, 251 Pac. 589, and decided adversely to appellant's contention, the court saying: "It is the verdict of the jury upon such an occasion that affects the credibility of a witness." So here, it was the judgment of conviction by the justice of the peace that affected appellant's credibility as a witness.

Judgment affirmed.

BEALS, C. J., GERAGHTY, TOLMAN, and HOLCOMB, JJ., concur.