## UNITED STATES v. RABICOFF.

### No. 15657.

District Court, W. D. Missouri, W. D.

April 21, 1944.

Maurice M. Milligan, U. S. Dist. Atty., and Otto Schmid, Assistant U. S. Atty., both of Kansas City, Mo., for the government.

Clyde Taylor and John Langsdale, both of Kansas City, Mo., for defendant.

REEVES, District Judge.

The only question for decision in this case is whether narcotic inspectors of the Treasury Department improperly took from the

possession of the defendant enumerated records and specified narcotic drugs. Both factual as well as legal aspects of the case are to be considered.

The right of the narcotic inspectors to make the investigation or inspection is acknowledged. Sections 2554 and 2556, Title 26 U.S.C.A. Int.Rev.Code, make the authorization. The point is made, however, that, after inspection, the agents of the government violated the Fourth Amendment by seizure of evidentiary matter.

These will be noticed.

■ 1. The Fourth Amendment to the Constitution vouchsafes immunity to citizens "against unreasonable searches and seizures." The adjective "unreasonable" has a well-defined meaning.

It would be an extreme view that lawful investigation may be done in such a manner as to make a seizure unlawful. There are circumstances where a lawful search may be made even without a search warrant and such search may not be characterized as unreasonable.

2. Under the sections above mentioned those who deal in narcotic drugs are required to keep accurate records "in such a way as to be readily accessible to inspection by the officers, agents, employees, and officials mentioned in section 2556." Section 2554(c) (2), supra.

Said Section 2556 provides that such records "shall be open to inspection by officers, agents and employees of the Treasury Department duly authorized for that purpose."

No question is raised here but that the officers who made the inspection in this case were regularly authorized by the government.

■ 3. Being lawfully authorized to make investigations in respect of the defendant's business, the defendant impliedly waived the immunities of the Fourth Amendment when he entered into the business of dealing in narcotic drugs. In 56 C.J. Section 64, pp. 1179, 1180, the rule is stated as follows:

"The constitutional immunity is sometimes waived by a person when he engages in a business which is regulated by law, the acceptance of a license to engage in such a business being a necessary acceptation of the statutory conditions and an implied waiver of the constitutional immunity to that extent; * * *."

In the case of Bartlett Frazier Co. v. Hyde, 65 F.2d 350, loc. cit. 352, the Court of Appeals, Seventh Circuit, epitomized the law as follows:

"Indeed, where public interest requires it, the right of visitation and disclosure has been extended even to business not charged with a public interest, as witness the taxing power, where the requirement of income reports and the right to inspect private books and papers have been definitely upheld."

Many authorities were recited by the court in support of this proposition.

Judge Atwell of the Northern District of Texas, in the case of Karr v. Baldwin, 57 F.2d 252, collated the authorities and rightfully followed the above rule.

■ 4. It would appear from the authorities that, as in this case, inspectors would not only have the right to inspect but also the right, upon the appearance of illegal acts, to take into their custody and keeping incriminating evidence. This was done in the case of United States v. Sherry, D.C., 294 F. 684, loc. cit. 686, where the court said:

"The agents entered the drug store and proceeded to inspect the prescriptions without objection. In doing this they were in the discharge of their duties under the statute. *Certainly in view of the character of these papers, as above pointed out, this cannot be characterized as an unreasonable search. And the taking of the papers which the United States had the right to inspect to the government offices for more convenient examination cannot be viewed as an unreasonable seizure within the meaning of the Fourth Amendment. The protection guaranteed by that amendment is the right of the people to be secure in their persons, houses, papers, and effects. The papers here involved are records required by law to be kept for inspection by the government.*"

The court did not criticize the action of the government agents. It was ordered, however, that the papers and other matter should be impounded with the clerk to "be accessible to both parties in their preparation of the case for trial."

5. Able counsel for the defendant earnestly urge that there was no waiver of the immunity from unreasonable search and seizure and cite numerous cases, such as Kovach v. United States, 6 Cir., 53 F.2d 639; Wakkuri v. United States, 6 Cir., 67 F.2d 844, loc. cit. 845; United States v. Kelih, D.C., 272 F. 484, loc. cit. 491; United States v. Lydecker, D.C., 275 F. 976, loc.

cit. 980; Nueslein v. District of Columbia, 73 App.D.C. 85, 115 F.2d 690, loc. cit. 694.

Each of the above cases involved search and seizure of and in private residences entered without search warrant or probable cause or with defective search warrants. They would not apply in this case. Moreover counsel concede that the entry was lawful.

In their reply brief it is finally contended that the evil was in the search for and seizure of certain narcotic drugs after an otherwise lawful inspection. Where violations of the law appeared to the inspectors, it was not an unreasonable act to ask for the article which formed the very basis of such violation. It certainly was incidental to the lawful inspection. The situation does not present aspects of unreasonableness. Otherwise a lawful inspection would become nugatory and futile.

■ It is unnecessary to continue the discussion. The agents had the right to take the papers and other matter mentioned in the motion. Such papers and other articles should be made available to the defendant for the preparation of the case for trial. This will be done. The government acquiesces in such an order.

■ 6. The above discussion makes it unnecessary to decide the factual question presented. The defendant claims that the agents oppressively searched for and seized the property mentioned in the motion. The agents, on the contrary, say that the articles were taken in the normal way, and not oppressively, and with the full acquiescence of the defendant. It is unnecessary to decide this point. However, the defendant, in his verified motion and affidavit, does not detail facts from which oppressive action by the agents might be found. His conclusion that such acts were oppressive is not sufficient, even if material.

The rule in this case is different from that announced in Boyd v. United States, 116 U. S. 616, 6 S.Ct. 524, 29 L.Ed. 746, where the papers were purely private.

Under all of the authorities the government would have the right to bring the articles into court by subpoena, and now that they are in the hands of the agent they will be impounded with the clerk so as to be accessible to the defendant.

The motions to suppress and to require the government to return the property mentioned should be overruled. And it is so ordered.