**Bernard BLOCH, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 14536.**

United States Court of Appeals
Ninth Circuit.

Oct. 12, 1955.

Rehearing Denied Nov. 15, 1955.

Frank E. Flynn, Phoenix, Ariz., for appellant.

Jack D. H. Hays, U. S. Atty., Robert S. Murless, Asst. U. S. Atty., for appellee.

Before HEALY, ORR and POPE, Circuit Judges.

ORR, Circuit Judge.

Appellant was convicted in the United States District Court for the District of Arizona on six counts of an indictment charging unlawful acquisition and sale of narcotics in violation of 26 U.S.C.A. § 2554. The several counts charge a series of narcotics sales allegedly made by appellant not in pursuance of a written order on a Treasury Department order form, nor pursuant to a prescription and not in the regular course of professional practice as a doctor.

We summarize the facts: Appellant, an osteopath, practiced as such for eight years in Sunnyslope, Arizona, where the sales took place.

Cantu, an agent of the Federal Bureau of Narcotics, testified that he was first introduced to appellant by a government informer, one Hernandez, on September 24, 1953 at appellant's office. Cantu was introduced as Hernandez' brother. The first sale was consummated on that occasion. Cantu testified that the other sales charged took place at intervals thereafter until November 19, 1953. Appellant was arrested immediately following the final sale. Cantu further testified that at no time was he given a medical examination by the appellant; that he was never asked if he was sick or an addict, and that insofar as he knew no

patient card was ever prepared in his case, notwithstanding that it was appellant's practice to keep such cards on all patients. Cantu, in purchasing the narcotics represented to appellant that he desired to get them for girls he stated he had in his employ. Cantu further testified that appellant charged him in excess of the sum of $200 for drugs which would be available to a physician for about four dollars.

Prejudicial error is charged in the admission of testimony based on information obtained by the Government in the course of what appellant claims was an unlawful search and seizure. After consummation of the final sale Cantu signalled for four other officers to join him. One was Mr. Ross, the chief federal narcotics officer for the area; another was a state narcotics agent, and still another was a municipal police officer; and, in addition, agent Ross' clerk. Appellant was then and there placed under arrest, a warrant having been previously obtained. They had no search warrant. The arrest was made in the immediate vicinity of appellant's hospital. After the arrest appellant was taken into the hospital whereupon agent Ross requested appellant to produce his narcotics dispensation records, his narcotics stamp, his narcotics order forms and all narcotics that he had on hand. Appellant, in complying with the request, stated that his dispensation records consisted of notations on patients' record cards.

■ Agent Ross was permitted to testify that he made an examination of the patient cards received from appellant and failed to find one in the name of Cantu. This is the evidence claimed to be inadmissible because it was obtained in the course of an alleged illegal search and seizure. In our opinion no search and seizure was employed in procuring the cards which agent Ross examined, because the records furnished Mr. Ross, upon his demand, were records required by law to be kept by appellant. 26 U.S. C.A. § 2554, imposes upon a dispensing physician the duty to keep a record of "drugs dispensed or distributed, showing the amount dispensed or distributed, the date, and the name and address of the patient to whom such drugs are dispensed or distributed". Pursuant to 26 U.S.C.A. § 2556(a), such records " * * shall be open to inspection by officers, agents, and employees of the Treasury Department duly authorized for that purpose * * *." Agent Ross was authorized to inspect appellant's dispensing records pursuant to § 2555, supra, 26 C. F.R. § 151.201, 1949. Appropriate notations kept on patients' record cards fulfill the requirements of the statute, 26 C.F.R. § 151.178, 1949.

■ The sole evidence, obtained from the patients' cards which the Government introduced was the negative testimony of agent Ross to the effect that he failed to find a card for Cantu among these records. Under the circumstances the records constituted public documents and the Government was entitled to demand their production to inspect them. Davis v. United States, 1945, 328 U.S. 582, 66 S.Ct. 1256, 90 L.Ed. 1453; Bowles v. Glick Bros. Lumber Co., 9 Cir., 1945, 146 F.2d 566; Westside Ford, Inc., v. United States, 9 Cir., 1953, 206 F.2d 627; United States v. Kempe, D.C.N.D.Iowa 1945, 59 F.Supp. 905; United States v. Sherry, D.C.N.D.Ill.1923, 294 F. 684.

■ Of course, federal officers demanding records required to be kept by law may not make such demand in a manner or at a time or place unreasonable under the circumstances. Davis v. United States, supra, 328 U.S. at pages 591–592, 66 S.Ct. 1256. In each case the court must examine the circumstances incident to the demand.

The situation in the present case is analogous to that described and held reasonable in the Davis decision. The property demanded was property to which the officers were entitled to access. Demand was made at the place of business of the custodian and during business hours, and the custodian produced the documents on demand.

Appellant's specification of error No. IV reads:

"Prejudicial error was committed by the misconduct on the part of the Assistant U. S. Attorney in asking the defendant if he had ever been convicted of a felony."

The Assistant U. S. Attorney asked:

"Have you ever been convicted of a felony?"

The appellant answered:

"Yes. But it is up on appeal."

Appellant charges that the Assistant United States Attorney at the time he asked the question knew that the conviction had been appealed and had not at the time been decided by this Court of Appeals.

The assignment raises the question of the good faith of the prosecutor in asking the question. The answer is to be found in a determination of whether the prosecutor was justified in concluding that it was a permissible question sanctioned by law.

A majority of the state courts allow the inquiry notwithstanding the pendency of an appeal. See Annotation, 103 A.L.R. 350, 367, and Annotation, 161 A.L.R. 233, 282.

The federal courts are in conflict. The Seventh Circuit in United States v. Empire Packing Co., 174 F.2d 16, held the question to be proper. A contrary view was expressed by the court of appeals of the District of Columbia in Campbell v. United States, 1949, 85 U.S.App.D.C. 133, 176 F.2d 45.

■ As we read the applicable decisions we do not hesitate to say that an attorney familiar with the state of the law, as we must assume the Assistant United States Attorney was, could very reasonably conclude that the question was proper and be well within the bounds of propriety in asking it.

Counsel representing appellant at the trial must have thought the question proper because he made no objection to it, nor did he move to strike. In fact, on re-direct examination appellant's counsel brought out the character of the crime for which appellant had been convicted and the fact that an appeal was pending.

■ Appellant says he was entrapped. We see no merit in this contention. According to witness Cantu appellant willingly entered into the unlawful sale of drugs. No persuasion was employed. The defense of entrapment is not available to one standing ready to commit an offense given an opportunity. Sorrells v. United States, 1932, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413; Silva v. United States, 9 Cir., 1954, 212 F.2d 422; Demos v. United States, 5 Cir., 1953, 205 F.2d 596, and see, Annotation, 33 A.L.R. 2d 883.

The Court gave an instruction on entrapment. Appellant finds no fault with the sufficiency of the instruction but complains that instead of giving an instruction on entrapment the Court should have found as a matter of law that he was entrapped, a contention we have hereinbefore disposed of. An instruction on entrapment was perhaps unnecessary but, obviously out of an abundance of caution, the trial court gave one. The instruction was in appellant's favor. He is in no position to complain.

■ The Government introduced into evidence Exhibits 3 and 4A. These consisted of specimens of morphine and atropine alleged to have been sold to Cantu by appellant. It is urged that no proper foundation had been laid. Again, no objection was made. Other exhibits, substantially identical, are in evidence as to other sales. The contention is without merit.

■ Objection is made that the trial court failed to sufficiently emphasize in its instructions that the requirement of the use of Treasury Department order forms or prescriptions does not apply to sales by a physician to his patients in the course of his medical practice. Again, no objection was made to the instructions given and no additional instruction was offered, nor modification of the given instruction proposed. See Fed.Rules Crim.Proc. rule 30, 18 U.S.C.A.

We have examined the charge given by the Court and it sufficiently covers the matter complained of. No prejudicial error appears and the verdict is supported by the evidence.

Judgment affirmed.