362 P.2d 663

STATE of Arizona, Appellee,

v.

Bill HARVILL, Appellant.

No. 1187.

Supreme Court of Arizona.

June 7, 1961.

Rehearing Denied July 6, 1961.

Francis J. Brown, Phoenix, for appellant.

Wade Church, former Atty. Gen., Robert W. Pickrell, present Atty. Gen., and John A. Murphy, Jr., Asst. Atty. Gen., for appellee.

JENNINGS, Justice.

Defendant was tried and convicted of the crime of Grand Theft by false representations. Judgment and sentence were pronounced May 9, 1960, on which date defendant filed his notice of appeal. Said appeal was filed in this Court September 9, 1960. Defendant's opening brief was due on December 24, 1960 but was not duly filed. Subsequent to that time on April 13, 1961, the following correspondence was sent from the Attorney General to the defendant's counsel:

> "Our records show that the Opening Brief in the appeal entitled State of Arizona, Appellee v. Bill Harvill, Appellant, is two months overdue. If we do not hear from you within the next ten days we will assume that it is your intention to abandon this appeal."

When no response was received within the ten-day period, the State filed a motion to dismiss appeal and forfeit appeal bond or in the alternative a motion to submit for decision on the record. The latter motion was granted. Subsequent to the granting of the motion and by this time grossly delinquent, appellant's opening brief was filed on May 12, 1961.

342

■ This Court has thoroughly examined the record and can find no error in the trial court's judgment. While we are not required to examine a tardy appellate brief, especially one filed after the motion was granted to submit for decision on the record, and especially where defendant's counsel was so remiss as to keep this Court and the office of the Attorney General uninformed as to the reason for the tardiness, yet, we have done so.

Defendant contended that the trial court erred in not granting defendant's motion to direct the county attorney not to ask the defendant on cross-examination if he had been convicted of a felony or to cross-examine the defendant of his past criminal record or offenses, unrelated in time, place or character of the offense charged in the Information in the case. Defendant further contended that when this motion was refused the defendant under the circumstances could not proceed and consequently the case was submitted to the jury without any testimony from the defendant in his own defense. Defendant cited Lewis v. Territory, 7 Ariz. 52, 60 P. 694, in support of the proposition that the State cannot under the guise and for the purpose of impeachment compel the defendant to testify as to whether or not he had been previously convicted of other felonies. This case was based on the then territorial statute which is no longer applicable.

■ However, too well settled to permit any question is the rule in this jurisdiction which allows the use of prior felony convictions on cross-examination. State v. Sorrell, 85 Ariz. 173, 333 P.2d 1081; State v. Polan, 78 Ariz. 253, 278 P.2d 432. Even though the prior conviction is unrelated in time, place, or character of the offense charged in the Information it is of little consequence unless as this Court previously stated in the case of Sibley v. Jeffreys, 76 Ariz. 340, 345, 264 P.2d 831, 833:

" * * *  it is so remote that it cannot reasonably cast a reflection upon the witness' credibility. * * *"

In the instant case there is no evidence in the record regarding either the prior felony convictions or the time differential between those prior convictions and the offense charged in the Information. Hence we cannot say that the proposed cross-examination comes within the rule stated in the Sibley case, supra.

Judgment affirmed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and LOCKWOOD, JJ., concurring.