406 P.2d 403

**STATE of Arizona, Appellee,**

**v.**

**Tom JOHNSON, Appellant.**

**No. 1455.**

Supreme Court of Arizona,

En Banc.

Oct. 8, 1965.

Darrell F. Smith, Atty. Gen., Robert W. Pickrell, Former Atty. Gen., Stirley Newell, Former Asst. Atty. Gen., Phoenix, for appellee.

Ross Anderson, Phoenix, for appellant.

LOCKWOOD, Chief Justice.

The appellant was charged with two separate sales of narcotics (marijuana) to a state undercover agent, one Alfred Moore. The sales made August 5, 1961 and September 12, 1961 involved no other witnesses. Appellant denied he made either sale. Upon trial before a jury, he was convicted and sentenced to a term of twelve to fifteen years in the Arizona State Prison for each count, the sentences to run concurrently. Appellant was represented by counsel at both the preliminary hearing, upon the trial, and upon appeal.

■ Appellant makes two assignments of error. He contends in the first one that the trial judge erroneously instructed the jury with regard to criminal intent. However, no objection to the instructions was raised until after the jury retired for deliberation. We stated in State v. George, 95 Ariz. 366, 370, 390 P.2d 899, 902 (1964):

"It is well settled that appellate courts will only consider such questions as were raised at the trial with respect to errors or omissions in the giving of instructions. State v. Evans, 88 Ariz. 364, 356 P.2d 1106 (1960); Rule 272, Rules of Criminal Procedure, 17 A. R.S.; Rule 51, Rules of Civil Procedure, 16 A.R.S.; 5 Wharton, Criminal Law Procedure, § 2097. But if such claimed error is so fundamental that it is manifest that the defendant did not have a fair trial, then the reviewing court will consider such error even though the instructions were given without objection below. State v. Marsin, 82 Ariz. 1, 307 P.2d 607 (1957)."

We find no fundamental error in the above instruction.

The remaining assignment of error questions the propriety of impeaching a defendant's credibility by testimony of a felony conviction which is on appeal. Appellant claims the Court erred in not granting a mistrial when the County Attorney asked him on cross examination if he had ever been convicted of a felony when such felony was on appeal. Though appellant never answered the question, the assignment of error questions the prosecutor's good faith in propounding such a question. The Ninth Circuit when faced with a similar issue state in Bloch v. United States, 226 F.2d 185 (9th Cir. 1955), cert. denied, 350 U.S. 948, 76 S.Ct. 323, 100 L. Ed. 826 (1956).

"* * * The answer is to be found in a determination of whether the prosecutor was justified in concluding that it was a permissible question sanctioned by law." Id. at 188.

**54**

While there are some jurisdictions to the contrary,[1] the majority of states[2] and Federal Jurisdictions[3] which have considered this issue have concluded that a conviction is a verity until set aside, and thus permissible to be considered by the trier of facts as destructive of the witness' credibility. We believe the majority rule is sound. Therefore it was not error for the County Attorney to inquire about the conviction.

Judgment affirmed.

STRUCKMEYER, V. C. J., and BERNSTEIN, UDALL, and McFARLAND, JJ., concurring.

1. Kentucky: Adkins v. Commonwealth, 309 S.W.2d 165 (Ky.1958).
   Missouri: McCauley v. Stone, 315 S.W.2d 476 (Mo.Ct.App.1958).
   Texas: Ringer v. State, 137 Tex.Cr.R. 242, 129 S.W.2d 654 (1938).
   D.C. Circuit: Fenwick v. United States, 102 U.S.App.D.C. 212, 252 F.2d 124 (1958).

2. Alabama: Latikos v. State, 17 Ala.App. 655, 88 So. 47 (1921).
   California: People v. Braun, 14 Cal.2d 1, 92 P.2d 402 (1939).
   Florida: Gonzales v. State, 97 So.2d 127 (Fla.Dist.Ct.1957).
   Iowa: Dickson v. Yates, 194 Iowa 910, 188 N.W. 948, 27 A.L.R. 533 (1922).
   Oklahoma: James v. State, 64 Okl.Cr. 174, 78 P.2d 708 (1938).
   Nebraska: Shaffer v. State, 124 Neb. 7, 244 N.W. 921 (1932).
   Ohio: In Re Abrams, 36 Ohio App. 384, 173 N.E. 312 (1930).
   Tennessee: McGee v. State, 206 Tenn. 230, 332 S.W.2d 507 (1960).
   Utah: State v. Crawford, 60 Utah 6, 206 P. 717 (1922).
   Washington: State v. Martin, 176 Wash. 637, 30 P.2d 660 (1934).

3. Ninth Circuit: Bloch v. United States, 226 F.2d 185 (9th Cir. 1955), cert. denied, 350 U.S. 948, 76 S.Ct. 323, 100 L.Ed. 826 (1956) and 238 F.2d 631 (9th Cir.), cert. denied, 353 U.S. 959, 77 S.Ct. 868, 1 L.Ed.2d 910 (1956).
   Seventh Circuit: United States v. Empire Packing Co., 174 F.2d 16 (7th Cir.), cert. denied, 337 U.S. 959, 69 S.Ct. 1534, 93 L.Ed. 1758 (1949).
   Second Circuit: United States v. Owens, 271 F.2d 425 (2d Cir. 1959), cert. denied, 365 U.S. 874, 81 S.Ct. 910, 5 L.Ed.2d 863 (1960).
   Eighth Circuit: Newman v. United States, 331 F.2d 968 (8th Cir.), cert. denied, 379 U.S. 975, 85 S.Ct. 672, 13 L.Ed.2d 566 (1964) (recognizes majority view).