477 P.2d 240

**STATE of Arizona, Appellee,**
**v.**
**John M. Von REEDEN, Appellant.**
**No. 2122.**

Supreme Court of Arizona,
In Division.

Dec. 2, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Machmer, Lehman & Cantor, by Gerald A. Machmer, Phoenix, for appellant.

McFARLAND, Justice.

John M. Von Reeden, hereafter referred to as defendant was tried on October 24, 1967, on a charge of murder and on November 1, 1967, found guilty by the jury of murder second degree, and sentenced to a term of not less than 10 years nor more than 15 years in the Arizona State Penitentiary. From a denial of his motion for a new trial he appeals.

The defendant was charged with murdering his wife, Rebecca Lynn Von Reeden on July 9, 1967. On that date and at the time of his trial he was free on bond in connection with a pending appeal of a previous conviction of eleven counts of Grand Theft by Embezzlement, Felonies. Defendant during the murder trial did not take the stand and testify. The Court of Appeals, 9 Ariz.App. 190, 450 P.2d 702, on February 25, 1969, reversed for a new trial the embezzlement convictions and such charges were dismissed.

Defendant thereafter filed a motion for a new trial under Rules of Criminal Procedure, 310, subd. 3, A.R.S. 17, upon the grounds of newly discovered evidence and set forth:

"That at the time of the murder trial held before this Court, the Defendant had convictions for eleven felonies, which said record of conviction was evidence to be used for the impeachment of the Defendant on the witness stand.

"That subsequent to that time the felony conviction was reversed and the charges dismissed.

"That the reversal of the charges constitutes new evidence and that the Defendant now cannot be impeached by his prior felony conviction as there is no prior felony conviction."

 The trial court after hearing denied the motion for a new trial which was made two years after rendition of the verdict. Defendant appealed under provisions of A.R.S. 17, Rules of Criminal Procedure § 348B contending the trial court erred in not granting his motion for a new trial. This court will not disturb a trial court's denial of a motion for new trial unless it appears there has been an abuse of discretion, State v. George, 100 Ariz. 350, 414 P.2d 730; State v. Sorrell, 95 Ariz. 220, 388 P.2d 429; State v. Quintana, 92 Ariz. 267, 376 P.2d 130; State v. Turner, 92 Ariz. 214, 375 P.2d 567. The law gives broad discretion to a court and permits a motion for new trial on grounds of newly discovered evidence after time for appellate review. In State v. Johnson, 99 Ariz. 52, 406 P.2d 403 in passing on the question of whether it is proper to introduce evidence of a conviction of a felony for impeachment when the conviction is on appeal we said:

"The remaining assignment of error questions the propriety of impeaching a defendant's credibility by testimony of a felony conviction which is on appeal. Appellant claims the Court erred in not granting a mistrial when the County Attorney asked him on cross examination if he had ever been convicted of a felony when such felony was on appeal. Though appellant never answered the question, the assignment of error questions the prosecutor's good faith in propounding such a question. The Ninth Circuit when faced with a similar issue state in Bloch v. United States, 226 F.2d 185 (9th Cir. 1955), cert. denied, 350 U.S. 948, 76 S.Ct. 323, 100 L.Ed. 826 (1956).

' * * * The answer is to be found in a determination of whether the prosecutor was justified in concluding that it was a permissible question sanctioned by law.' Id. at 188.

"While there are some jurisdictions to the contrary, the majority of states and Federal Jurisdictions which have considered this issue have concluded that a conviction is a verity until set aside, and thus permissible to be considered by the trier of facts as destructive of the witness' credibility. We believe the majority rule is sound."

A similar argument was presented in State v. Barker, 94 Ariz. 383, 385 P.2d 516 in which the court refused to instruct the county attorney to not ask questions in regard to a conviction had some 16 years before, we said:

"It is first urged that the trial court erred in refusing appellant's motion to direct the County Attorney to refrain from cross-examining him on a former conviction for manslaughter which occurred some sixteen (16) years prior. Appellant argues that the denial of his motion prevented him from taking the witness stand and testifying on his own behalf.

"In Arizona, a witness may be impeached by the showing of a prior felony conviction, State v. Sorrell, 85 Ariz. 173, 333 P.2d 1081; State v. Harris, 73 Ariz. 138, 238 P.2d 957, except where the prior felony conviction is so remote that it cannot reasonably cast a reflection on the witness's credibility, State v. Harvill, 89 Ariz. 340, 362 P.2d 663. Sibley v. Jeffreys, 76 Ariz. 340, 264 P.2d 831.

\* \* \* \* \* \*

"The State argues that there is nothing before this Court on which to predicate a reversal of the trial court, that having received this adverse ruling appellant should have proceeded with his case by taking the stand then raising the question if the State attempted to establish the prior conviction. We are in agreement with the position adopted by the State. First, the appellant is assuming that had defendant taken the stand the county attorney would have used the prior man-

slaughter conviction by attempting to impeach his credibility. Second, appellant is assuming that the trial court would have adhered to its initial ruling after considering the elements of the test for remoteness, stated in Sibley v. Jeffreys, supra."

As we held in Barker, supra, one who invokes his privilege not to take the witness stand for whatever reason he chooses, cannot as a basis for rehearing complain that his case was prejudiced by such act. Defendant attacks the constitutionality of Arizona's procedure of permitting the introduction into evidence of a prior conviction of a felony for the purpose of impeaching the credibility of the witness. This procedure has survived such attacks because it is founded upon the theory that it assists the triers of fact to weigh the evidence. Udall on Evidence, § 67. Sibley v. Jeffreys, 76 Ariz. 340, 264 P.2d 831; State v. Boodry, 96 Ariz. 259, 394 P.2d 196, cert. den. 379 U.S. 949, 85 S.Ct. 448, 13 L.Ed.2d 546; State v. Daymus, 90 Ariz. 294, 367 P.2d 647. On the other hand we believe it is equally necessary to present to a jury evidence which will assist them in determining the complete story of the crime. State v. Johnson, supra; State v. Villavicencio, 95 Ariz. 199, 388 P.2d 245; State v. Barker, supra; State v. Foggy, 101 Ariz. 459, 420 P.2d 934, cert. den. 386 U.S. 1025, 87 S.Ct. 1386, 18 L.Ed. 2d 468.

In the instant case defendant not having taken the stand at his trial he cannot now maintain that a reversal of his prior conviction creates new material evidence. He knew the status of his prior conviction and could have so explained to the jury had he taken the stand in the event the county attorney asked him the impeaching question. State v. Weis, 92 Ariz. 254, 375 P.2d 735, cert. den. 389 U.S. 899, 88 S.Ct. 226, 19 L.Ed.2d 221. He cannot now complain. State v. Barker, supra.

Judgment affirmed.

LOCKWOOD, C. J., and STRUCK-MEYER, V. C. J., concur.