518 P.2d 568

**STATE of Arizona, Appellee,**

v.

**Robert Earl MAYES, Appellant.**

**No. 2870–PR.**

Supreme Court of Arizona,
In Banc.

Jan. 30, 1974.

Gary K. Nelson, Atty. Gen., Phoenix, by John S. O'Dowd and Howard L. Fell, Asst. Attys. Gen., Tucson, Frank Leto, Certified Third-Year Law Student, University of Arizona, for appellee.

Ed Bolding, Pima County Public Defender by William G. Lane and Richard Van Duizend, Former Deputy Public Defenders, Tucson, for appellant.

HOLOHAN, Justice.

The defendant, Robert Earl Mayes, was tried and convicted of the illegal possession of dangerous drugs for which he was sentenced to a term in the Arizona State Prison. His conviction was reversed by the Court of Appeals, Division Two. State v. Mayes, 21 Ariz.App. 87, 515 P.2d 1185 (1973). We granted review of the case. The opinion of the Court of Appeals is vacated.

We limit our review of the case to two issues: whether the admission of a prior felony conviction imposes an unreasonable burden on a defendant's right to testify, and secondly, whether certain evidence was improperly admitted at trial.

■ We had thought that the issue concerning the admission of a prior felony conviction for impeachment purposes was well settled in this jurisdiction. As recently as October of last year in State v. King, 110 Ariz. 36, 514 P.2d 1032 (1973) the admissibility of a prior conviction for impeachment purposes was upheld with this statement:

"We reaffirm our previous position that the rule which allows impeachment by prior felony convictions is not constitutionally defective. State v. Reeden, 106 Ariz. 409, 477 P.2d 240 (1970); State v. Fields, 104 Ariz. 486, 455 P.2d 964 (1969)." 514 P.2d at 1035.

We see no reason to depart from the generally accepted rule in the great majority of jurisdictions nor does the appellant or the learned author of the majority opinion in the Court of Appeals decision in this case cite any persuasive authority to cause us to change our position. The concurring opinion of Chief Judge Hathaway in State v. Mayes, *supra*, correctly states our position on this issue.

The issue of admissibility of certain statements and evidence in the trial presents a question of greater substance. The defense urged that the actions of the officers constituted an illegal search and seizure, and the admission of statements made by the defendant was improperly admitted because the statements were taken without the required Miranda warnings.

The evidence presented at trial discloses that two uniformed police officers, while on patrol in Himmel Park in Tucson, Arizona noticed the defendant smoking a hand-rolled cigarette. Suspecting that it might be a marijuana cigarette, the officers approached the defendant, but as they drew close to the defendant the officers noted that the cigarette appeared to be made of tobacco. The defendant, who had been sitting on the grass, rose at the approach of the officers. The officers noted that the defendant weaved, was unsteady on his feet, and his eyes appeared glassy. The officers suspected that the defendant was under the influence of some drug or alcohol. The defendant was asked for identification and he fumbled to find and produce his wallet, and, after some difficulty and several minutes transpiring, he was able to produce identification.

After producing the identification one of the officers asked the defendant what he was "high on." In response to the question the defendant produced a bottle containing some tablets and capsules. One of the officers took the bottle, examined it, and asked the defendant whether he had a prescription for the contents, to which the defendant replied that he did not. When asked where he had gotten the tablets, the defendant stated, "in Mexico."

At no time did either of the officers ever give the defendant the so-called Miranda warnings. After the above incriminating statements the defendant was arrested, taken to jail, and charged with unlawful possession of dangerous drugs.

The motion of the defense to suppress the physical evidence obtained from the defendant was denied by the trial court, and the objections by the defense to the testimony concerning the admissions of the defendant were overruled.

While there may be some question as to whether the physical evidence was obtained lawfully there is no doubt that the statements of the defendant were improperly received in evidence.

The State urges that there was in fact no search of the defendant, and the defendant's actions in producing the physical evidence were a voluntary act. Whether the acts of the defendant were voluntary or not are to be tested by the same rules applying to consent searches. In State v. Sherron, 105 Ariz. 277, 463 P.2d 533 (1970) this Court held that the prosecution must prove consent by clear and positive evidence by showing unequivocal words or conduct expressing consent to the search; further in *Sherron* the Court stated:

> "Neither *Miranda* nor *Orozco* require that a police officer refrain from speaking to any citizen on the streets without the requisite warning. Neither opinion suggests that a police officer is precluded from asking questions of or eliciting help from bystanders in the general vicinity of a crime." 105 Ariz. at 279, 463 P.2d at 535.

Extended discussion as to whether the defendant in this case acted under compulsion is not necessary because of our decision as to the statements by the defendant to the officers.

Before a statement is admissible the Miranda warnings must be given after a person has been taken into custody or otherwise deprived of his freedom of ac-

**320**

tion in any significant way. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694 (1966). In State v. Bainch, 109 Ariz. 77, 505 P.2d 248 (1973) we stated:

"The fact that an officer may be suspicious of an individual is not the test as to whether Miranda warnings must be given prior to questioning, nor is the mere presence of a police officer to be considered a restraint on the suspect's liberty. The vital point is whether, examining all the circumstances, the defendant was deprived of his freedom of action in any significant manner, and the defendant was aware of such restraint. In the latter instance the Miranda warnings are required to be given before the statements of the defendant may be received in evidence against him." 109 Ariz. at 79, 505 P.2d at 250.

The officers both agreed that at least from the time of production of the bottle of pills the defendant would not have been permitted to walk away from them. At least one of the officers testified that from the time that identification was asked of the defendant and his actions in securing it established for that officer that the defendant would not have been free to walk away.

The defendant testified that from the time the officers began to question him, starting with asking for identification, that the defendant felt that he was not free to walk away from the officers.

Considering the testimony of the officers and the defendant it is clear that any statement made by the defendant concerning his failure to have a prescription and where he had actually secured the drugs was inadmissible because the defendant had not been given the Miranda warnings, and the defendant was to all intents and purposes in custody.

The conviction is reversed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.