549 P.2d 181

**The STATE of Arizona, Appellee,**

v.

**Bernard SCHLENKER, Appellant.**

**No. 2 CA–CR 744.**

Court of Appeals of Arizona, Division 2.

May 3, 1976.

Review Denied June 29, 1976.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, and Galen H. Wilkes, Asst. Attys. Gen., Phoenix, for appellee.

Lieberthal & Kashman, P.C., by Howard A. Kashman, Tucson, for appellant.

## OPINION

HOWARD, Chief Judge.

Appellant was indicted on one count of raping Karen Dorner, age fourteen years, one count of raping her sister, Diane Dorner, and one count of molesting Diane Dorner, a child under the age of fifteen years. Appellant was the stepfather of the Dorner sisters.

A jury found appellant guilty of second degree rape of Karen Dorner and guilty of child molesting of Diane Dorner. He was acquitted of first degree rape as to both girls and a mistrial was declared as to the

rape charge concerning Diane Dorner and that count was ultimately dismissed by the court.

Appellant was sentenced to two concurrent terms of not less than fifteen nor more than forty-five years at the Arizona State Prison and it is from these judgments of conviction and sentences imposed thereon that appellant appeals.

Both Karen and Diane Dorner testified to numerous acts of sexual intercourse and fellatio with appellant over a number of years. The mother of the girls, appellant's estranged wife, testified that she knew nothing of these activities until the summer of 1974. The girls testified, however, that they and their sisters and brother were all privy to what was occurring.

Medical evidence was introduced by the prosecution to establish that when examined during or after the summer of 1974, the girls were not virgins and that their respective hymens were dilated. On direct examination of Dr. Heine, the prosecution asked, over objection, whether, based upon his medical examinations, Diane's and Karen's measurements were consistent but not necessarily limited to the insertion of a male penis in the vaginal introitus of both the girls. Dr. Heine answered that the hymenal measurements indicated a possibility of sexual intercourse with an adult male but that he was unable to reach a definite conclusion as to the true cause, stating that the girls' conditions could have been caused by other means.

Appellant claims that the court erred in (1) admitting the testimony of Dr. Heine; (2) admitting evidence of a prior criminal conviction; (3) denying his motion for judgment of acquittal and motion for new trial; (4) denying a motion to dismiss the charge of child molestation and (5) commenting on the evidence.

■ Citing the case of *People v. Lee,* 55 Cal.App.2d 163, 130 P.2d 168 (1942) appellant contends that the testimony of Dr. Heine was speculative and should not have been permitted. We do not believe that

*People v. Lee,* supra, is on point. In that case the doctor was asked whether he had an opinion as to whether the enlargement of the vaginal tract was the result of sexual intercourse or the result of some other act. Following an affirmative answer the doctor was permitted, over defendant's objection, to give his opinion that the dilation of the genitalia was due to sexual intercourse and not masturbation. Allowing him to give his opinion was held to be error since he had previously stated that a physical examination could not determine the cause of the condition seen and his opinion was based in part on his belief that the victim was definitely telling the truth. In the case sub judice Dr. Heine did not make a statement as to causation. He merely stated that among other things it was possible that the condition of the girls was due to sexual intercourse with an adult male. Such testimony is permissible. *State v. Brierly,* 109 Ariz. 310, 509 P.2d 203 (1973).

■ Appellant contends that the trial court committed error in admitting into evidence for the purpose of impeachment his prior conviction in 1968 of drawing two $25 checks on no account. We do not believe the trial court erred as the prior conviction involved dishonesty and therefore would have a bearing on appellants credibility. *State v. Mayes,* 110 Ariz. 318, 518 P.2d 568 (1974).

■ Appellant claims that the testimony of the girls was so incredible that his motion for judgment of acquittal should have been granted. In support of this proposition appellant refers to the fact that the children never told their mother about the incidents although they had continued over a long period of time. He also points to several inconsistencies in their testimony. In a case of this kind a conviction may be had upon the uncorroborated testimony of the prosecutrix unless her story is physically impossible or so incredible that no reasonable man could believe it. *State v. Pollock,* 57 Ariz. 415, 114 P.2d 249 (1941). We do not believe that the evi-

dence sustains appellant's claim that a judgment of acquittal should have been granted.

■ Relying on the case of *State v. Phillips,* 102 Ariz. 377, 430 P.2d 139 (1967), appellant claims that at most the evidence shows he was guilty of fellatio and therefore should have been charged with the violation of A.R.S. Sec. 13–652, lewd and lascivious acts, and not child molestation. We do not agree. The case of *State v. Phillips,* supra, does not stand for the proposition that fellatio does not amount to child molestation. A.R.S. Sec. 13–653 defines child molesting as :

> "A person who . . . causes a child under the age of fifteen years to fondle, play with, or touch the private parts of such person . . . ."

Appellant was not entitled to dismissal of the child molestation charge.

■ The jury, during deliberation, sent a message to the trial judge which stated :

> "Referencing instruction No. 9 is the phrase 'overcome By Force' Encompass in it the concept of threats as being identical to force."

The trial judge gave a negative response to this question. Appellant now claims that this response constituted a comment on the evidence violative of Art. 6, Sec. 27 of the Arizona Constitution. The court's answer was not an expression as to what it believed the evidence to show and, therefore, was not a comment on the evidence. *State v. Vann,* 11 Ariz.App. 180, 463 P.2d 75 (1970).

■ Appellant's final contention is that the trial court erred in refusing to admit into evidence the results of a polygraph examination after refusal by the prosecution to stipulate to its admissibility. This was not error. *State · v. Goldsmith,* 112 Ariz. 399, 542 P.2d 1098 (1975).

Affirmed.

KRUCKER and HATHAWAY, JJ., concur.